28    505
44    603

28    505
89    232

ABRAM NAVE, Respondent, v. MARY B. NAVE, Appellant.

### Kansas City Court of Appeals, January 9, 1888.

1. DIVORCE—JURISDICTION—CHARACTER OF DECREE AS TO FINALITY. Where the court has jurisdiction in divorce proceedings, the statutes of this state (Rev. Stat., sec. 2185) have made the decree absolutely final unless appealed from, or corrected on writ of error, as provided for in section 2184 of the Revised Statutes. These statutes deny a review in all cases, whether based upon a charge of fraud or not.

2. ——— PRACTICE—PETITION FOR REVIEW—CONSTRUCTION OF SECTION 2185, REVISED STATUTES.—Under section 2185, Revised Statutes, "no petition for review of any judgment for divorce, rendered in any case, etc., shall be allowed, any law or statute to the contrary, notwithstanding," etc. What is thus prohibited by petition cannot be accomplished by motion. The purpose of this statute is not to regulate a matter of practice, but it is to prevent the disturbance of a judgment of divorce, rendered by a court of competent jurisdiction, under any circumstances, except by appeal or writ of error.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

The case is stated in the opinion.

CHESTER H. KRUM, for the appellant.

I. The case having been determined upon demurrer, the record sufficiently presents a statement of the case. The appellant seeks a reversal upon the following ground: The motion to set aside the decree of divorce is not a bill of review. *Cole v. Miller*, 32 Miss. 89; 2 Hoffman Ch. Prac. 12; *Greene v. Greene*, 2 Gray, 364; *Parish v. Parish*, 9 Ohio St. 534; *Lucas v. Lucas*, 3 Gray, 126; *Cole v. Cole*, 3 Mo. App. 571; *Mansfield v. Mansfield*, 26 Mo. 163.

II.   The court below did not have jurisdiction to render the decree. (*a*) The cause was tried upon *ex-parte* affidavits and not upon the evidence of witnesses. (*b*) To determine a cause upon such affidavits must be held to be against public policy. *Whittington v. Whittington*, 2 Dev. & Batt. 76 ; 2 Bishop Mar. & Div., sec. 229 ; *Dismukes v. Dismukes*, 1 Tenn. Ch. 268.

III.   The decree was obtained by fraud and collusion. Such a decree is absolutely void, and will be vacated on motion. *Duchess of Kingston's Case*, 20 Howell St. Trials, 479 ; *True v. True*, 6 Minn. 458 ; *Crouch v. Crouch*, 30 Wis. 667 ; *Boyd's Appeal*, 38 Pa. St. 241 ; *Edson v. Edson*, 108 Mass. 490 ; *Adams v. Adams*, 51 N. H. 388 ; *Allen v. McClellan*, 12 Pa. St. 332.

GREEN & BURNES, B. R. VINEYARD, and GAGE, LADD & SMALL, for the respondent.

I.   It is not necessary to allege that plaintiff resided in Buchanan county in order to give the court rendering the decree jurisdiction. *Werz v. Werz*, 11 Mo. App. 26.   But it is affirmatively charged in the petition that the plaintiff's home is in the city of St. Joseph, Missouri ; and this court will take judicial notice that the city of St. Joseph is in Buchanan county. *Smith v. Flournoy*, 47 Ala. 345 ; *State v. Powers*, 25 Conn. 48 ; *Steinmetz v. Versailles*, 57 Ind. 457 ; *Martin v. Martin*, 51 Maine, 366 ; 1 Greenl. Evid. [14 Ed.] sect. 6, note *a*. Besides, the city of St. Joseph is described in the petition as being in Buchanan county, Missouri.   Furthermore, the charter of St. Joseph, locating it in Buchanan county, and defining its boundaries, is made, by its terms, a public act.   Laws, Mo., 1851, p. 97.

II.   Independent of statute, on the ground of public policy, and for the reasons set forth in the dissenting opinion of Judge Scott, in the case of *Smith v. Smith* (20 Mo. 169), decrees of divorce by courts, having jurisdiction of the parties and the subject-matter, are generally held unassailable. *Nichols v. Nichols*, 25 N. J. Eq. 60 ; *Parish v. Parish*, 9 Ohio St. 534 ; *Bascom v.*

*Bascom,* 7 Ohio, 465 ; *Tappan v. Tappan,* 6 Ohio St. 64 ; *Greene v. Greene,* 2 Gray, 361 ; *Lucas v. Lucas,* 3 Gray, 136.

III. Our statute (sec. 2185) places a decree of divorce beyond the reach of judicial revision, unless appealed from or corrected on writ of error, issued as provided for in section 2184. *Salisbury v. Salisbury,* 92 Mo. 683 ; *Childs v. Childs,* 11 Mo. App. 395 ; *McQuigg v. McQuigg,* 13 Ind. 294 ; *Ewing v. Ewing,* 24 Ind. 468 ; *Parish v. Parish,* 9 Ohio St. 534.

IV. The defendant does not come into court with clean hands. She shows herself to be a party to the fraud which she charges was perpetrated on the court, and is, consequently, not entitled to relief. *Greene v. Greene,* 2 Gray, 362 ; *Nichols v. Nichols,* 25 N. J. Eq. 65 ; *Miltimore v. Miltimore,* 40 Pa. St. 156 ; *Ruger v. Heckel,* 21 Hun (28 Sup. Ct.) 489 ; *Kirrigan v. Kirrigan,* 15 N. J. Eq. 146. Not only ought she to have shown herself free from all fraud in procuring the decree to be rendered, but it was even necessary to have shown herself free from negligence or fault on her part. *Ritter v. Democratic Press Co.,* 68 Mo. 459 ; *Duncan v. Gibson,* 45 Mo. 354, at top ; *Caeolus v. Koch,* 72 Mo. 647. In all the cases cited by opposing counsel, so far as we have been able to examine them, with perhaps a single exception, the party attacking the decree was not only free from fraud, but without fault. In most of them the decrees were rendered, where there was service by publication, and in some the court had no jurisdiction. This is the test : If the party seeking relief cannot open his case without introducing the immoral or corrupt arrangement to which he was a party, the court will not hear him. *Tyler v. Larimore,* 19 Mo. App. 457-8 ; *Kitchen v. Greenabaum,* 61 Mo. 110.

V. The defendant charges that she obtained thirty thousand dollars from plaintiff as the price for the part she performed in procuring the decree to be rendered. Yet, without offering to return a dollar, she comes into court pleading her own corruption and exhibiting her

own fraud as cause for relief. She must first restore her ill-gotten gains and do equity before she can be heard. *Corby v. Bean*, 44 Mo. 381; *Philips v. Philips*, 50 Mo. 507-8; *Kline v. Vogel*, 90 Mo. 239; *Kirrigan v. Kirrigan*, 15 N. J. Eq. 146; Freeman on Judgments [3 Ed.] sect. 516.

VI. No valid excuse is given for the delay of defendant in filing her application. Neither "traveling in Europe," nor the refusal of her attorneys to institute proceedings is any excuse. Negligence of her attorneys is her negligence. *Biebinger v. Taylor*, 64 Mo. 63; *Gehrke v. Jod*, 59 Mo. 522. The delay of two years, after plaintiff may have changed his *status* by re-marriage (which in fact he had done), is fatal to defendant's right of relief. She should have set up in her bill that plaintiff had not re-married. *Nichols v. Nichols*, 25 N. J. Eq. 65; *Singer v. Singer*, 41 Barb. (N. Y.) 139. As to laches affecting property rights only, see *Landrum v. Bank*, 63 Mo. 56; *Ewing v. Ewing*, 71 Mo. 29; *Kline v. Vogel*, 90 Mo. 239. Greater diligence in cases like the one at bar is required.

VII. To avoid the prohibition of the statute (Rev. Stat., sec. 2185) defendant files a motion to vacate the decree. In cases arising before this statute was passed a bill of review was held by the Supreme Court to be the proper course in like cases. *Smith v. Smith*, 20 Mo. 166; *Mansfield v. Mansfield*, 26 Mo. 163. But to cut off the right to pursue this course, the statute was enacted. *Childs v. Childs*, 11 Mo. App. 395; *Salisbury v. Salisbury*, 92 Mo. 683. A bill in equity is the proper proceeding to vacate or annul a judgment or decree, obtained at a preceding term by fraud, where the statute does not, as it does in this state in decrees for divorce, cut out all relief. *Stewart v. Caldwell*, 54 Mo. 563; *Smith v. Sims*, 77 Mo. 269; *Sheetz v. Kirtley*, 62 Mo. 417; *Purdy v. Gault*, 19 Mo. App. 191; *Hyatt v. Wolfe*, 22 Mo. App. 191. And such equity powers cannot be reached or exercised on motion. *Holden v. Vaughn*,

64 Mo. 589; *Hyatt v. Wolfe*, 22 Mo. App. 197; *Lowe v. Smith*, 23 Mo. App. 49.

VIII. Cohabitation is only a conditional condonation. 2 Bishop on Marriage and Divorce [6 Ed.] sec. 53; *Wagner v. Wagner*, 6 Mo. App. 572. For all that appears in the bill (or motion) of defendant, the offences charged by plaintiff as ground for a divorce may have been renewed after the condonation. It was at best only matter of defence in the original suit, and could not furnish ground for relief afterward. *Hotel Ass'n v. Parker*, 58 Mo. 327; *Kelly v. Hurt*, 74 Mo. 571; *Caldwell v. White*, 77 Mo. 473.

IX. A bill of review (and we suppose a motion seeking to take its place) must be brought within the time allowed for suing out a writ of error, which, by our statute (sec. 2184) must be done in divorce within sixty days after judgment rendered. *Sloan v. Sloan*, 102 Ill. 581; Story's Eq. Pl., sec. 410; Peterbaugh's Ch. Pl., 259. The charge that the court granted the decree upon affidavits, at most showed error, which could only be corrected by appeal or writ of error. A petition, though styled a motion, to impeach a decree for fraud is an original bill in the nature of a bill of review. Story Eq. Pl. [9 Ed.] sec. 426; Daniell Ch. Pract. 1584, note 4; *Salisbury v. Salisbury, supra.*

ELLISON, J.—In the month of May, 1884, plaintiff obtained a decree of divorce from defendant for her fault; in March, 1886, the defendant, after having given notice to plaintiff, filed a motion to set aside and annul this decree. Plaintiff appeared to the motion and demurred thereto. The demurrer was sustained and defendant appeals. The grounds set up in the motion are, that the petition in the original suit did not allege that the plaintiff was a resident of Buchanan county; that the court heard no testimony in support of the petition except affidavits; that the offences charged in the petition had been condoned by cohabitation between the parties, that the plaintiff paid, and the defendant re-

ceived, thirty thousand dollars not to appear at the trial, or contest plaintiff's suit for a divorce, after the filing an answer by her therein, which answer is charged to be a general denial; that she did not file a motion to set aside the decree during the term it was rendered, by reason of her agreement with the plaintiff not to do so, and she presents as an excuse for delay in presenting her application, that for the first six months after its rendition she was traveling in Europe, and that after her return, though she had repeatedly instructed her attorneys to file a motion in said cause, they had disobeyed her, and she was at last compelled to hire other attorneys to act for her.

If the court had no jurisdiction of the cause its decree was a nullity and should be set aside. Neither the lapse of time, nor evil results following, could prevent this. The allegation in the motion that the court had no jurisdiction, for the reason that the petition does not allege plaintiff's residence in Buchanan county, is not true in point of fact. The petition alleges that the plaintiff resided in the city of St. Joseph, Missouri, and St. Joseph is afterwards alleged to be in Buchanan county, Missouri. Besides, St. Joseph is organized under a charter declared therein to be a public act, and in which the city is located in Buchanan county; of this the court will take judicial notice. It is thus rendered unnecessary to say what would have been the result if the petition had not contained these allegations. *Werz v. Werz* (11 Mo. App. 26) is a case where the question arose collaterally and in which will be found an able discussion of the subject.

Where the court has jurisdiction in divorce proceedings, the statute of this state (sec. 2185) has made the decree absolutely final unless appealed from or corrected on writ of error as provided in section 2184. This statute was probably enacted in view of the division of the Supreme Court in *Smith v. Smith* (20 Mo. 166). It was criticised in *Mansfield v. Mansfield* (26 Mo. 163), but has never been construed otherwise than as it reads.

On the contrary, in *Salisbury v. Salisbury* (92 Mo. 683), the section referred to is literally interpreted, and it is held "to deny a review in all cases, whether based upon a charge of fraud or not." In view of this decision it is not at all necessary to enter into a discussion of the question. It is so decided and no doubt properly.

But counsel seek to avoid the force of the statute by denominating the proceeding before us, as a *motion*, and not a bill or petition for review. The statute is: "Sec. 2185. No petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statute to the contrary, notwithstanding," etc. It would be a singular holding to say, in the face of this statute, that you could accomplish the same purpose by motion which you are prohibited from obtaining by petition. A party would thus be enabled, by a change of his pleading, to thwart the object of the law. The purpose of this statute is not to regulate a matter of practice, but it is to prevent the disturbance of a judgment of divorce rendered by a court of competent jurisdiction, under any circumstances, except by appeal or writ of error. Whether we call defendant's paper a motion or petition, it is certain she is seeking by it to bring about what the law says shall not be done.

The judgment of the circuit court was manifestly correct and it is hereby affirmed. Philips, P. J., concurs; Hall, J., having been of counsel, not sitting.