MOLLIE HANSFORD, Respondent, v. WILLIAM A. HANSFORD, Appellant.

**St. Louis Court of Appeals, February 19, 1889.**

1. **Divorce:** REVIEW: JURISDICTION. Where a decree of divorce has been granted, and the record thereof avers all necessary jurisdictional facts, and that the court found the same to be true, such decree cannot be questioned otherwise than by appeal or writ of error. There is no equity jurisdiction to set it aside in a new proceeding, whether with or without reference to section 2185, Revised Statutes. Where the record itself fails to show jurisdiction, the rule is otherwise.

2. **Notice by Publication:** DESIGNATION OF NEWSPAPER. When a notice by publication is signed by the plaintiff's counsel, the objection is not tenable, that there was no designation of the newspaper by the plaintiff's counsel, as required by the statute.

3. **Order of Publication:** IN NAME OF THE STATE. The constitutional provision requiring that all writs and process shall run in the name of the state is directory and, whether or not it is applicable to an order of publication, an omission in that regard will be cured by the statute of jeofails.

*Appeal from the Hannibal Court of Common Pleas.*
HON. THOMAS H. BACON, Judge.

. REVERSED.

*George M. Harrison* and *Harrison & Mahan,* for the appellant.

The petition for divorce in the case of *Hansford v. Hansford,* number 5401, contains all the jurisdictional averments. Service by publication was duly and properly made, The record on its face shows that the court had jurisdiction over the case, and the final decree of divorce therein rendered cannot be impeached by "evidence *aliunde,* and for matters not apparent on the face of the record." Appellants objection to the introduction of testimony should have been sustained. *Childs v. Childs,* 11 Mo. App. 395; *Cole v. Cole,* 3 Mo. App. 571. The only way this decree of divorce could have been reversed or annulled was by appeal granted during the term of court at which it was rendered, or by writ of error issued within sixty days after such decree was rendered. R. S. 1879, sec. 2184, p. 362. No power other than an appellate court can look behind the decree. *Morrow v. Weed,* 4 Iowa, 89. A petition to vacate a decree of court on the grounds of fraud is an original bill of review. Dan. Ch. Plead. and Prac., sec. 1584, p. 1507; *Evans v. Bacon,* 99 Mass. 213; *Ex parte Smith,* 34 Ala. 455; *Seguin v. Maverick,* 24 Tex. 526; *Elliott v. Balcom,* 11 Gray, 286; *Person v. Nevith,* 32

Miss. 180 ; Story Eq. Pl., sec. 426. The proceeding in this case is beyond any doubt a "petition for review," of a judgment or decree of divorce entered in the Hannibal court of common pleas, at its September term, 1884, and is in direct violation of the provision of our statutes, which declares that "no petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statutes to contrary notwithstanding." R. S. 1879, sec. 2185, p. 362. This statute has been criticised, but it plainly asserts a principle of public policy which has received recognition in Missouri since 1856, having gone into force in May of that year, and been retained in each revision of the statutes since that time. It has been carefully reviewed, construed and sustained by our courts, the doctrine being first announced in *Smith v. Smith*, 20 Mo. 166; *Salisbury v. Salisbury*, 92 Mo. 683; *Childs v. Childs*, 11 Mo. App. 395 ; *Nave v. Nave*, 28 Mo. App. 505. The theory and policy of this statute has been sanctioned by other states. *Parrish v. Parrish*, 9 Ohio St. 534 ; *Green v. Green*, 2 Gray, 361 ; *Lucas v. Lucas*, 3 Gray, 136 ; *Nichols v. Nichols*, 25 N. J. Eq. 60 ; *Tappan v. Tappan*, 6 Ohio St. 64 ; *Bascom v. Bascom*, 7 Ohio 465. This section 2185 of our statute is clear and emphatic, and was intended to deny, and does deny, the right absolutely, to file a petition for review of judgment for divorce. It places a decree of divorce beyond the reach of judicial revision, unless on appeal or writ of error, as required by section 2184, Revised Statutes 1879. "It was the evident purpose of the legislature to deny a review in all cases, whether based upon a charge of fraud or not." *Salisbury v. Salisbury*, 92 Mo. 683 ; *Childs v. Childs*, 11 Mo. App. 395 ; *McQuigg v. McQuigg*, 11 Ind. 294 ; *Ewing v. Ewing*, 24 Ind. 468; *DeGraw v. DeGraw*, 7 Mo. App. 121 ; *Nave v. Nave*, 28 Mo. App. 505 ; Bish. Mar. & D., sec. 753. The order of publication is sufficient. It gives

a full and substantial statement of all the objects of the suit, and shows a complete compliance with all the requirements of section 3494, Revised Statutes 1879. *Goldsworthy v. Johnson*, 87 Mo. 238; *Jasper County v. Wadlow,* 82 Mo. 172; *Wellshear v. Kelly*, 69 Mo. 343; *Moore v. Stanley*, 51 Mo. 317; *Freeman v. Thompson*, 53 Mo. 183; *Haywood v. Russell*, 44 Mo. 252; *Bobb v. Woodard*, 42 Mo. 482; *Harris v. Grodner*, 42 Mo. 159; *Sloan v. Forse*, 11 Mo. 126. Besides the trial court found that "legal notice of publication had been made to defendant before the May term, 1884, of this court." The trial court had jurisdiction of the parties and subject matter in the divorce suit, as clearly shown by the record : "and the decree of divorce, after the expiration of the term at which it was obtained, became final and conclusive as against a petition for review whether under the statutes or based upon the grounds of fraud."

*R. E. Anderson*, for the respondent.

Appellant's counsel is pleased to designate this proceeding as a "petition for review," and emphasizes it by a repetition of the phrase. This is a misnomer. It is not a statutory proceeding for review. R. S. 1879, sec. 3684. That applies to cases where the court had jurisdiction of the subject-matter (*Salisbury v. Salisbury*, 92 Mo. 683), and where process was actually served on the defendant. The word "review" imports a proceeding to contest the merits. This is an original bill to impeach and set aside the judgment for want of jurisdiction of both the person and the subject-matter, the jurisdiction having been simulated by a defective "order of publication," and a false and fraudulent affidavit, neither plaintiff nor defendant being at the time residents of this state. The respondent says the proceedings in the original action are absolutely void.

*Borden v. Fitch*, 15 Johns. 140; *Fithian v. Monks*, 43 Mo. 502. This proceeding was instituted October 20, 1885, to set aside a judgment rendered September 19, 1884, *coram non judice.* As a statutory proceeding the petition operates as a motion to set aside for irregularity or error *coram nobis.* R. S. 1879, sec. 3727; also *James and Ray, ex parte*, 59 Mo. 280. If a tribunal has been imposed upon, the fraud being of such a nature as to make the judgment of divorce void, it may vacate this judgment when upon a summary proceeding it is made cognizant of the fraud. Bish. Mar. & D., secs. 699, 706; *Dobson v. Brown*, 12 N. Y. 164; 2 Story Eq., secs. 887, 896; *DeGraw v. DeGraw*, 7 Mo. App. 121. The statute against petitions for review in divorce cases does not affect cases where the court never had any jurisdiction over the subject-matter. Neither the plaintiff nor defendant ever lived in Missouri, and 'defendant had not been in the state "one whole year next before filing his petition." Courts have no jurisdiction if neither of the parties has acquired a *bona-fide* residence. Bish. Mar. & D., sec. 721; Cooley Const. Lim., sec. 406; *Cole v. Cole*, 3 Mo. App. 571. By perjury an "irreviewable" judgment may be obtained, where jurisdiction over the subject-matter really exists. But no record perjury can originate or confer such jurisdiction. This point is *res nova* in this state. In every divorce case the state is an actual party. In this case the state is the victim, and it can protect its records from such prostitution. Unlike other cases, this is one of fraud in obtaining simulated jurisdiction, and is subject to impeachment. *Caswell v. Caswell*, 11 N. E. Rep. 342; 120 Ill. 377; Broom Leg. Max. [4 Ed.] 232; *Crouch v. Crouch*, 30 Wis. 667; *Rush v. Rush*, 46 Iowa, 648; *Whitcomb v. Whitcomb, Id.* 437; *Adams v. Adams*, 51 N. H. 388; *Otis v. Epperson*, 88 Mo. 131. The publication in divorce cases must conform to

a higher grade of exaction than in other cases. The proceeding for divorce has always been regarded *sui generis*. *Stokes v. Stokes*, Mo. 228. Therefore the process must be *sui generis*, and now, was the "Hannibal Courier," designated by plaintiff's counsel as the medium of publication? Without such designation there was no authority to order publication. R. S. 1879, sec. 3500. But if authority be presumed there were other defects beyond the domain of curative presumption. Was the order directed to defendant? No direction appears. Direction is essential to notice. The statute expressly requires it. R. S. 1879, sec. 3494. The cause of action designated in the notice was "desertion." That is no ground for divorce. A husband may be criminally punished for desertion where such desertion would be no ground for divorce. R. S. 1879, sec. 1273. Was the notice uncertain as to time? No year is given. The order is entitled of May term, 1884, and the defendant was required to appear in May next. The combination of these two features makes a bad notice which is no notice to support a default. The order is a writ, and it failed to run in the name of the state. It should have begun with the words "The state of Missouri to Mollie Hansford." R. S. 1379, sec. 4037; Con. of Mo., art. 6, sec. 38. The record of a judgment does not import verity unless there was jurisdiction of person and subject-matter, and the fact of want of jurisdiction may be shown, though the record recites the contrary. 5 Wend. Rep. 148; *Adams v. Cowles*, 95 Mo. 507.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant obtained a decree of divorce from his wife, the plaintiff herein, September 19, 1884, in the Hannibal court of common pleas. The decree was obtained upon constructive service by publication, upon default, and without the appearance of the wife. In October, 1885, the plaintiff herein filed her bill for a

review, stating in substance that the decree was obtained by the fraud of defendant, that he never was a citizen and resident in good faith of the state of Missouri, and the court granting the decree of divorce was without jurisdiction in the premises ; that she never had any notice of the proceedings constructive or otherwise ; and that no order of publication was ever made or published in the suit as required by law. The petition further stated that the facts stated in the petition for divorce were false, that the defendant husband had fraudulently absented himself from his wife, the plaintiff, for the very purpose of obtaining the divorce, that she did not know of his whereabouts, nor of the divorce obtained by him, until long after the divorce was obtained, whereupon she at once instituted the present proceeding.

The bill embodied the petition filed in the original divorce suit, which states all the requisite jurisdictional facts. It sets out the order of publication in full, admits that the order was published for the time required by law, and concludes with a prayer for the annulment of the decree of divorce, and general relief.

The defendant demurred to this bill, on the ground that the facts therein stated constituted no cause of action, and were insufficient to entitle the plaintiff to any relief whatever.

The court overruled the demurrer, whereupon the defendant answered, denying all allegations of the bill.

Upon the trial, the defendant renewed his demurrer by objecting to all evidence in support of the bill on the ground that it stated no cause of action. This objection was again overruled, the plaintiff thereupon introduced evidence tending to show that the defendant had no valid ground of divorce, that she had no actual notice of the pendency of any divorce proceedings against her and that the defendant was not a resident of the state of

Missouri for the period of one year next preceding the institution of the divorce proceedings.

The court thereupon made a finding and decree to the effect that the court granting the decree of divorce had no jurisdiction in the premises, and adjudged said decree null and void, restoring the plaintiff to all rights she had lost thereby.

The defendant appealing assigns for error, among other things, that the court erred in overruling his objection to the introduction of any evidence on the petition for review.

Our statute provides, Revised Statutes, 1879, section 2185:

"No petition for review of any judgment for divorce, rendered in any case under this chapter, shall be allowed, any law or statute to the contrary notwithstanding."

The plaintiff seeks to avoid the force of the statute, by asserting that this is not a statutory proceeding for review. That the statute applies to cases only where the court had jurisdiction of the subject-matter and where process was actually served upon the defendant. That this is an original bill to impeach and set aside the judgment for want of jurisdiction of both the person and the subject matter, the jurisdiction having been simulated by a defective order of publication, and a false and fraudulent affidavit, neither plaintiff nor defendant being at the time residents of the state.

Far be it from us to maintain that even in a divorce proceeding, and even under the emphatic terms of the statute above quoted, a decree could be upheld where the court had no jurisdiction to render the decree. Barring however the question of jurisdiction, there is no essential difference between this case and the cases of *Salisbury* v. *Salisbury*, 92 Mo. 683, and *Childs* v. *Childs*, 11 Mo. App. 395, wherein it was held that

though the decree is obtained by the grossest frauds, it is not subject to be vacated except upon direct proceedings on appeal or writ of error as provided by statute. It is immaterial by what name the proceeding is called as long as it is, in substance, in the nature of a bill for review. Says Judge BLACK, in *Salisbury v. Salisbury, supra,* "it is contended by counsel for appellant, that the petition for review which is prohibited, is that only which is provided by the statute, and that a court of equity always has the power, independent of the statute to set aside its own decrees for fraud in procuring them. But the statute declares that no petition for review shall be allowed, any law or statute to the contrary notwithstanding. It is clear we cannot limit the prohibition to this statutory review."

The question then arises, can the decree be annulled or vacated in any proceeding of review, whatever its nature may be, where the court rendering the decree has jurisdiction? Residence within the state for a year next preceding the institution of the suit, is in all but the excepted cases a jurisdictional fact which must be averred and proved, and a decree rendered upon a petition lacking this allegation is void when questioned in a direct proceeding between parties to the decree. *Cole v. Cole,* 3 Mo. App. 571; *Pate v. Pate,* 6 Mo. App. 49. This proposition is conceded. Where the record itself fails to show jurisdiction, there is no difficulty. Where, however, as in this case, the petition filed in the divorce suit, states all the necessary jurisdictional facts and the court by its decree finds them to exist, the question is necessarily determined by wholly different considerations. To determine in the first instance, its own jurisdiction, where the same rests upon facts outside of the record, is the legitimate exercise of the judicial powers of every tribunal, and though the court may err in such determination, its so doing is not a usurpation of judicial authority, but error, for which the proper remedy

of the parties aggrieved is by appeal. *State ex rel. v. Seay*, 23 Mo. App. 630 ; *Werz v. Werz*, 11 Mo. App. 26.

Divorce proceedings are in the nature of proceedings *in rem*. The service of publication provided by law, is presumed to notify the adverse party that the court is about to exercise its jurisdiction touching the *res*, which is the marriage relation. As a matter of fact we know that this presumption is not borne out by facts, but in rare instances, but in this it is not different from other legal presumptions which public policy has compelled us to adopt. The presumption that every one is presumed to know the law is not the less unyielding, because when tested by daily experience it is shown to have no foundation in fact whatever.

Keeping these propositions in view, we must conclude that where the necessary jurisdictional facts appear by the record, and are found by the court to exist, the opposing party in a divorce suit, is precluded from showing that they did not exist as a matter of fact, except upon proceedings by appeal or writ of error. There cannot on principle be a difference between the finding of jurisdictional facts, and the finding of other facts essential to a decree, in any proceeding of which the party challenging the decree is presumed in contemplation of law to have had due notice. Prevention of perjury, which in these cases is unfortunately but too frequent, must be sought in the rigorous enforcement of the criminal law, and can be successfully found in that alone.

Our attention has been called to the case of *De Graw v. De Graw*, 7 Mo. App. 126, wherein a decree of divorce was sought to be avoided on the ground that it was obtained by collusion, and therefore by a fraud on the jurisdiction of the court. A demurrer to the bill of review was sustained in that case by the trial court and the judgment upon the demurrer was affirmed on appeal. Judge BAKEWELL in rendering the opinion

Hansford v. Hansford.

incidentally said: "For fraud in obtaining jurisdiction, relief can be obtained only in the court possessed of the original record. The court that rendered it may vacate its sentence, when obtained by imposition and this may be done even at a subsequent term." This was said *obiter* and was unnecessary for the decision of any point before the court, but we notice it for the purpose of stating that the remedy thus suggested is unwarranted under the provisions of section 2185 *supra*, which were in no way considered in that case.

The proposition advanced by plaintiff, that the order of publication was defective, and that thus the record itself fails to show jurisdiction, is not borne out by the facts. The plaintiff's petition for review shows that the order was published in a daily issue of the " Hannibal Courier," a newspaper designated by the court from March 3, to April 4, 1884. The order upon its face shows that it was returnable to the first day of the May term of the court, being the fifth day of May next. This is more specific than the order which was held sufficient in *Jasper County v. Wadlow*, 82 Mo. 179 and in other cases. The order is signed by the plaintiff's counsel in the case, as well as by the clerk, hence the point that there was no designation of the newspaper by plaintiff's counsel as required by section 3500 of the Revised Statutes, even if legally available, is not supported by the facts. The further objection that the order is a writ of summons and should run in the name of the state, is disposed of by *Doane v. Boley*, 38 Mo. 449, where it is held that the provision of the constitution requiring all writs and process to run in the name of the state is merely directory, and the omission is cured by the statute of jeofails.

These considerations lead inevitably to the result that the court erred in receiving any evidence in support of plaintiff's petition, and that its decree annulling the decree of divorce must be reversed.

The decree is reversed and the cause remanded to the trial court, with directions to dismiss plaintiff's petition. All the judges concur.