GEORGE W. SMITH, Respondent, v. CARRIE L. SMITH, Appellant.

St. Louis Court of Appeals; March 22, 1892.

1. **Divorce: JURISDICTIONAL AVERMENTS.** Even if the circuit court exercises special statutory powers in an action for divorce,—a matter not passed upon,—still it is not essential to the validity of a decree of divorce that all the jurisdictional facts should appear from the plaintiff's petition ; but it is sufficient if the jurisdiction appears from the entire record.

2. ———: PETITION FOR REVIEW. No petition for the review of a judgment for divorce is permissible under our statute. ( R. S. 1889, sec. 4511.) .*Held,* accordingly, that a motion to vacate a decree of divorce for collusion and fraud, filed eight days after the rendition of the decree, could not be sustained as a petition for review.

3. ———: MOTION FOR A NEW TRIAL. *Held,* further, that such motion could not be of avail as a motion for a new trial, because not filed within the requisite time.

4. ———: TIME FOR APPEAL : MOTION TO VACATE DECREE. An appeal from a decree of divorce must be taken at the term at which the decree was rendered. This time for appeal cannot be extended by means of the filing of a motion to set aside the decree other than a motion for a new trial, and, accordingly, a suggestion by a defendant that the decree had been obtained by collusion and fraud cannot serve to extend the time for such appeal.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

APPEAL DISMISSED.

*W. C. Hollister* and *L. F. Cottey,* for appellant.

(1) Where a decree of divorce has been obtained by fraud or deceit, as where the complainant has practiced fraud or trickery to prevent the defendant from having notice of the suit, or from appearing in the action or from answering or defending the same, the innocent and deceived party may undoubtedly obtain the opening or vacating of the decree by making timely application and showing good cause. Black on Judgments, sec. 320; *Homes v. Homes,* 63 Me. 420; *Edson v. Edson,* 108 Mass. 590; *Mansfield v. Mansfield,* 26 Mo. 163. (2) The motion or petition for review, having been filed at the same term of court at which the judgment of divorce was rendered, is in time. "A decree of divorce becomes final and conclusive as against a petition for review, whether under the statute or based upon the ground of fraud, after the expiration of the term at which it was obtained." *Salisbury v. Salisbury,* 92 Mo. 683. A decree of divorce cannot be reviewed on petition after the lapse of the term at which the decree was rendered. *Childs v. Childs,* 11 Mo. App. 395. (3) The petition of George W. Smith does not aver that he was a resident of the state of Missouri or the county of Knox on the twenty-fourth day of March, 1891, at the time he filed his suit for divorce, and said petition does not aver that he had resided in this state one whole year, next before the filing of his petition; hence, the Knox circuit court had no jurisdiction to render said decree. It is not enough that the jurisdiction in a divorce suit appears from the whole record. Where a jurisdictional fact does not appear on the face of the petition, the court can take no valid steps.

*Pate v. Pate*, 6 Mo. App. 49; *Werz v. Werz*, 11 Mo. App. 26. The petition does not aver that the offense complained of was committed within this state, or while one or both of the parties resided in this state. "A bill of divorce should show either that the complainant has resided within this state one whole year next preceding the application, or that the offense complained of was committed within this state or while one or both the parties resided within this state." *Cheatam v. Cheatam*, 10 Mo. 296. And for these reasons appellant insists that the petition does not on its face show facts sufficient to give the Knox circuit court jurisdiction to render this decree.

O. D. *Jones*, for respondent.

ROMBAUER, P. J.—The plaintiff, on March 24, 1891, filed a petition for divorce in the Knox county circuit court, charging the defendant with such indignities towards him as rendered his condition intolerable. This petition, among other things, stated that the plaintiff and defendant were married in January, 1874, and continued to live together as husband and wife in Knox county, Missouri, from that time until February, 1891. The statutory affidavit to the petition was made by the plaintiff on the twenty-fourth day of March, 1891, before the circuit clerk of Knox county, but the petition did not aver in express terms that the plaintiff had been a resident of the state of Missouri one whole year next before the filing of the petition, nor that the offense or injury complained of was committed within this state, or whilst one or both of the parties resided within this state. A summons issued on this petition, together with a copy of the petition, was served upon the defendant personally in said Knox county, April 16, 1891. The writ was returnable to the June term, 1891. The defendant made default, and the court upon the

hearing of evidence found the facts stated in the plaintiff's petition to be true, and entered a decree in favor of the plaintiff, which, among other things, recites that the plaintiff is and has been for at least one whole year last past previous to the commencement of this action a resident of the state of Missouri. We may add that, touching the fact that both parties resided in Knox county, Missouri, from the date of their marriage until the date of the decree of divorce, there is no controversy whatever.

Eight days after the decree of divorce was entered, the defendant appeared and filed a petition asking the court to set aside the decree,. and to permit her to file·a cross-bill and to claim alimony. This petition was sworn to, and stated in substance that the facts stated in the petition were not true; that the plaintiff was worth $6,000, and the defendant had no means; that, prior to the filing of the petition, the plaintiff agreed with the defendant that, if she did not appear against him, he would do what was right about it, but, if she would appear, he would law all the property away before she would or should have any of it, "and that by all this she was prevented and persuaded falsely and fraudulently from appearing against him, as she thought she was bound by the agreement." This petition by consent of the parties was continued to the December term of the court, at which time the plaintiff demurred to it, specifying grounds which may be summarized as follows : *First.* That a petition of this kind could not be allowed after the term at which the judgment was rendered. *Second.* That the petition did not state facts sufficient to constitute any cause of action to authorize the court to set aside the judgment and grant a rehearing in the case.

While this demurrer was pending and undetermined, the defendant presented to the court the cross-bill, which she proposed to file in case the decree was vacated. This cross-bill stated facts, which, if true,

were sufficient to debar plaintiff of a decree. The court sustained the demurrer to the defendant's petition, and refused to set aside the decree. From this judgment the defendant appeals to this court.

The first point made by appellant is that the court should have vacated the decree, because the plaintiff's petition fails to state essential jurisdictional facts. The statute provides: "No person shall be entitled to a divorce from the bonds of matrimony, who has not resided within the state one whole year next before the filing of the petition, unless the offense or injury complained of was committed within this state, or whilst one or both of the parties resided within this state," and also that "the proceeding shall be had within the county where plaintiff resides." R. S. 1889, secs. 4501, 4503.

In construing the statutory provisions this court held in *Cole v. Cole*, 3 Mo. App. 571, which was a motion to vacate the decree, filed one year after the granting of the divorce, that the omission of the allegation in the petition, that the plaintiff had resided within the state one whole year next before the filing of the petition, made the proceedings *coram non judice*, and that the decree was void. In the later case of *Pate v. Pate*, 6 Mo. App. 49, this court held that a petition, which fails to aver that the plaintiff was a resident of the county wherein the suit is brought, is jurisdictionally defective and may be dismissed on motion. The decision was put on the ground that, "where superior courts are engaged in the exercise of special and limited statutory powers, they and their records occupy the same footing, and are subject to the same rules and tests as courts whose jurisdiction is special and limited." In the subsequent case of *Werz v. Werz*, 11 Mo. App. 26, the cases on this subject in this state were examined and reviewed, and the court concluded that the doctrine of *Pate v. Pate, supra*, could not be invoked for the purpose of impeaching in a collateral proceeding a judgment

of the circuit court granting a divorce. In that case it was seriously questioned whether the rule applicable to courts of limited and special jurisdiction can be applied to courts exercising a general jurisdiction on a special statutory subject. Waiving, however, the discussion of that branch of the inquiry, it will suffice to say that, even if in proceedings for divorce courts are to be held as exercising special statutory powers, yet it is sufficient to make their judgments valid, if their jurisdiction appears from the entire record, and it is not essential to the validity of their judgments that all jurisdictional facts should appear from plaintiff's petition. Such we understand to have been the law in this state for many years past, if not always. In view of this the opinion of this court in *Cole v. Cole, supra,* is not the law at the present day, if it ever was, and should be overruled.

In the case at bar the fact, that the plaintiff was for one year next preceding the filing of the petition a resident of the state, appears from the decree of the court, nor is the verity of that recital in the record in any way impeached, if indeed it could be. "Where the necessary jurisdictional facts appear by the record, and are found by the court to exist, the opposing party in a divorce suit is precluded from showing that they did not exist as a matter of fact, except upon proceedings by appeal or writ of error. There cannot on principle be a difference between the finding of jurisdictional facts, and the finding of other facts essential to a decree, in any proceeding of which the party challenging the decree is presumed in contemplation of law to have had due notice." *Hansford v. Hansford,* 34 Mo. App. 271. The defendant's contention, therefore, that the decree should have been vacated as showing want of jurisdiction upon the face of the record is untenable.

Finding, as we do, that the record does disclose that the court had jurisdiction to enter the decree rendered, we are next to inquire whether it had any power to

vacate the decree, at a succeeding term, for the causes stated in the defendant's motion or petition. That question must be determined by the construction of the following provisions of the Revised Statutes of 1889 :

"Sec. 4510. No final judgment or order rendered in cases arising under this chapter shall be reversed, annulled or modified, in the supreme or any other court, by appeal or writ of error, unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment was rendered.

"Sec. 4511. No petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statute to the contrary notwithstanding ; but there may be a review of any order or judgment touching the alimony and maintenance of the wife and the care, custody and maintenance of the children, or any of them, as in other cases."

It will be noticed that this is not an appeal from an order or motion overruling a motion for new trial, as the petition or motion of the defendant was not filed within the statutory time to answer the requirements of such a motion. It can be treated only as either a petition for review, referred to in section 5411, or as a suggestion to the court, made during the term, to vacate its own decree for causes authorizing such vacation. As a petition for review it gives to the defendant no standing in court, because the decisions of this court, and of the supreme court most emphatically declare that the prohibition of the section is absolute, and cannot be avoided, whether the proceeding be called one at law. or in equity, or by whatever name such a pleading be designated. *Childs v. Childs*, 11 Mo. App. 395; *Hansford v. Hansford, supra; Salisbury v. Salisbury*, 92 Mo. 683. Treating it as a suggestion to the court to

vacate its own decree made during the term when the decree was rendered, we are met with the difficulty that, even if the action of the court upon such a suggestion were subject to review on appeal, the appeal is not taken during the term when the final judgment was rendered. The order overruling a motion for new trial is, in contemplation of law, the final judgment from which an appeal lies ; hence, when such motion is overruled at a term succeeding the one when the judgment was entered, the final judgment is entered in contemplation of law for the purposes of an appeal at such succeeding term. But we can on no principle of law extend this rule to motions or suggestions filed in a case, which are not provided for by statute, and the pendency of which can in no sense affect the character of the judgment previously entered. Were the rule otherwise, a party could, by filing a motion on the last day of the term, and having it continued under the general order of the court affecting all pending motions, prevent a judgment entry from becoming final for an indefinite period.

These observations dispose of all the points raised by the appellant. We may add, however, that, were all other obstacles out of the way, it is exceedingly doubtful whether the defendant, who claims relief on the ground of her own collusion in bringing about the decree, would be entitled to any relief on equitable grounds.

It results that this appeal must be dismissed. So ordered. All the judges concur.