SIGEL E. SMITH, Appellant, v. BEATRICE M. SMITH, Respondent.

Kansas City Court of Appeals, May 27, 1912.

DIVORCE: Fraud and Deceit: New Trial. Plaintiff obtained a decree of divorce, the defendant not appearing, although she had filed an answer and cross-bill. Within four days and at the same term she filed a motion to set aside the decree on the ground of fraud and deceit practiced on her by plaintiff by which she was prevented from appearing at the trial. Plaintiff filed a plea to the jurisdiction of the court. The court sustained defendant's motion and granted a new trial. *Held*, that defendant's motion was, in effect, one for a new trial and not a petition for review.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*H. H. Blanton* for appellant.

*Hughes & Whitsett* for respondent.

JOHNSON, J.—July 26, 1910, plaintiff instituted a suit for divorce in the circuit court of Jackson county alleging facts which, if true, would entitle him to a

decree. August 5, 1910, defendant filed an answer putting in issue the allegations of the petition and also a cross-bill alleging facts which, if true, would entitle her to a divorce. March 3, 1911, plaintiff filed his reply and on March 23, 1911, the cause came on for hearing and the following decree was rendered:

"Now, on this 23d day of March, 1911, this cause coming on regularly for hearing, the plaintiff appearing in person and by attorneys H. H. Blanton, C. B. Adams, and the defendant, although duly summoned, not appearing either in person or by attorney, and this cause being submitted to the court on the pleadings and evidence, the court having duly considered the same, finds all the issues arising under the petition, and defendant's cross-bill and plaintiff's reply thereto, for the plaintiff and against the defendant, and that plaintiff is the innocent and injured party and entitled to be divorced from defendant, and the court, with the consent of the plaintiff, further finds that defendant is entitled to have her former name, Beatrice M. Mitchell, restored to her.

"Wherefore, it is by the court ordered, adjudged and decreed that the bonds of matrimony heretofore existing between plaintiff and defendant be and the same are hereby forever dissolved, and that defendant's former name, Beatrice M. Mitchell, be restored to her, and that all costs of this cause be taxed against defendant, and that execution issue therefor."

Two days after this decree was rendered and at the same term of court defendant filed a motion designated a "motion to set aside decree of divorce" in which she asked that a new trial be granted on the ground of fraud and deceit practiced on her by plaintiff by which she was prevented from appearing at the trial and presenting her side of the case. The facts alleged, if true, show that she was the innocent victim of a palpable fraud. Plaintiff filed a "plea to the jurisdiction of the court" which, treating defendant's mo-

tion as a petition for review of a judgment attacked the jurisdiction of the court to entertain the motion on the ground that section 2381, Revised Statutes 1909, prohibits the trial court from setting aside a judgment for divorce on petition for review.

The court heard these motions April 8, 1911, and entered an order and judgment sustaining defendant's motion and granting a new trial. A motion to set aside this order then was filed by plaintiff and was overruled and an appeal, was allowed plaintiff April 8, 1911. All of these proceedings were had at the term at which the judgment for divorce was rendered.

The purpose and function of section 2381, Revised Statutes 1909, are explained in the cases cited in the brief of plaintiff. [Smith v. Smith, 20 Mo. l. c. 170; Childs v. Childs, 11 Mo. App. 395; Salisbury v. Salisbury, 92 Mo. 683; Nave v. Nave, 28 Mo. App. 505; Hansford v. Hansford, 34 Mo. App. 262; Richardson v. Stowe, 102 Mo. l. c. 44; Smith v. Smith, 48 Mo. App. 612; Cole v. Cole, 89 Mo. App. 228; Elliott v. Elliott, 135 Mo. App. 42; Lieber v. Lieber, 239 Mo. 1, 143 S. W. Rep. 458; Dorrance v. Dorrance, pending Supreme Court Mo.] And if defendant's motion should be regarded either in form or substance as a petition for review we would hold that the trial court was without jurisdiction to entertain it. But there is nothing in this statute nor in any of the cases relied on by plaintiff to prevent the defeated party in a divorce suit from attacking the judgment by motion for a new trial and, if such motion is overruled, from prosecuting an appeal. Indeed, section 2380, Revised Statutes 1909, contemplates that an appeal may be taken in divorce causes as in others, subject only to the restriction that the appeal must be granted during the term at which the judgment or order appealed from was rendered. Section 2022, Revised Statutes 1909, provides:

"In every case where there has been a mistake or surprise of a party, his agent or attorney, or a misdi-

rection of the jury by the court, or fraud and deceit practiced by one party on the other, or the court is satisfied that perjury or mistake has been committed by a witness, and is also satisfied that an improper verdict or finding was occasioned by any such matters, and that the party has a just cause of action, or of defense, it shall, on motion of the proper party, grant a new trial, and, if necessary, permit the pleadings to be amended on such terms as may be just.''

The motion filed by defendant, in effect, was a motion for a new trial. It was filed in the time required by statute (Section 2025) and alleged one of the grounds specified in section 2022, viz., ''fraud and deceit practiced by one party on the other''—in this case fraud and deceit practice by plaintiff on defendant.

There is no merit in the appeal and the judgment is affirmed. All concur.