DANIEL COLLINS, Defendant in Error, v. ETTA COLLINS, Plaintiff in Error.

Kansas City Court of Appeals, April 3, 1893.

Divorce: PLEADING: PETITION: RESIDENCE IN THE STATE. In a petition for divorce, it is not necessary that the actual words of the statute as to the residence in the state should be used, but the allegation should cover the intent and meaning of the statute. The petition should allege the residence so as to show that it is not made up of different periods aggregating a year, but must be one whole particular year next before filing the petition.

*Appeal from the Jasper Circuit Court.*—HON. E. C. DEVORE, Special Judge.

REVERSED AND REMANDED.

*C. H. Montgomery* and *S. H. Claycomb*, for plaintiff in error.

(1) Plaintiff's petition is not sufficient to constitute a cause of action for divorce. It is intended to be bottomed upon indignities, but the word indignity does

not appear in it. (2) Plaintiff alleges that, at some time prior to the filing of said petition, he was a resident of the state of Missouri for more than a year, and that he so resided in this state at the time of filing his petition. He does not inform the court whether it was the year next before the filing of the petition, or some other year prior thereto. The allegations are not sufficient to give the court jurisdiction of the cause. Revised Statutes of Missouri, 1889, sec. 4503; *Cole v. Cole*, 3 Mo. App. 571; *Cheatham v. Cheatham*, 10 Mo. 299; *Pate v. Pate*, 6 Mo. App. 49; *Railroad v. Campbell*, 62 Mo. 588; *Haggard v. Railroad*, 63 Mo. 303; *Iba v. Railroad*, 45 Mo. 469; *Bennett v. Railroad*, 68 Mo. 65.

*J. W. McAntire*, for defendant in error.

The petition tested by all well known rules of pleading states a good cause of action, and clearly states facts amply sufficient to confer jurisdiction on the court below. It alleges residence in Jasper county, Missouri, at the time of the filing of the petition, and for more than one year immediately prior to the filing thereof. *Hughes v. Carson*, 90 Mo. 399; *Hurst v. City of Ash Grove*, 96 Mo. 168; Session Acts (Mo.) 1873, p. 269; *Nicholson v. Golden*, 27 Mo. App. 132; *Stillwell v. Hamm*, 97 Mo. 579; *Nave v. Nave*, 28 Mo. App. 505; *Ryors v. Ryors*, 31 Mo. App. 555; *Coal Co. v. Quade*, 28 Mo. App. 421; *Werz v. Werz*, 11 Mo. App. 26.

ELLISON, J.—The plaintiff instituted this action for divorce, alleging that his condition was rendered intolerable by defendant, and setting up specific acts of defendant, which he alleges had the effect upon him stated in the petition. He applied for a change of venue from the judge, alleging the latter's prejudice

against him. Pending the application a stipulation was made between plaintiff and defendant's attorneys, agreeing upon E. C. Devore as a special judge. An answer, consisting of a general denial, was filed by defendant's attorney, and so likewise was an applcation for alimony. Judgment was entered for plaintiff for the fault of the defendant. No order appears to have been made or action of any kind taken on the application for alimony. Defendant has sued out a writ of error within the sixty days limited by statute.

There were no exceptions preserved for reasons alleged, not necessary to examine. We are thus left to see what errors have been shown to exist upon the record. It is not pretended that the petition alleges or charges any act of defendant which, under the statute, would be sufficient ground for a divorce except indignities, and yet it is not charged that the acts of which complaint is made were indignities. It is not alleged that the matters complained of occurred in this state, or whilst one or both of the parties resided in this state. Nor is it alleged that the plaintiff had resided in this state, "one whole year next before filing of the petition." The allegation in this respect is that "plaintiff further states that he is now, has for more than one year prior to the filing of this petition been a resident of Jasper county, Missouri." Section 4503 of the Statutes of 1889, provides that: "No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the state one whole year next before filing of the petition, unless the offense or injury complained of was committed within this state, or whilst one or both of the parties resided within this state."

We will not say that the very words of the statute should necessarily be stated in the petition, but it is a necessary requisite to make an allegation therein which

will cover the intent and meaning of the statute. The reading of the statute is such as to make it plain that the residence, in character and time, is especially intended. The residence must not be made up of different periods which together will aggregate a year; but it must be for one *whole* year. More than this, the year cannot be any whole year prior to the commencement of the action, but must be a particular year, that is, the year *next* before filing the petition. The allegation of the petition in this case may all be conceded to be true and yet not fill a single requisite of the statute. The allegation in the petition could be true and yet the residence be in fact made up of a year or parts of years long since passed. For this reason we must hold the petition fails to set forth matters necessary to be stated in order to authorize the court to entertain the cause, or assume to grant the divorce. *Hansford v. Hansford*, 34 Mo. App. 262. Nor is the matter aided by the decree as was the case in *Smith v. Smith*, 48 Mo. App. 612, since the decree merely recites, in this respect, "that the allegations contained in the plaintiff's petition are true."

The authorities and argument thereon by plaintiff's counsel we do not consider applicable to the essential features of the case as it appears in the record. The judgment will be reversed and the cause remanded. All concur.