Parlin & Orendorff Co. v. Hord.

PARLIN & ORENDORFF COMPANY, *Appellant*, v. HORD, *Assignee of Ferris*.

Division One, June 22, 1898.

1. **Appellate Practice**: JURISDICTION OF TRIAL COURT: WHEN QUESTION CAN BE RAISED. The jurisdiction of any court over the subject-matter of the litigation is open to question in every case and, if apparent on the face of the record, may be raised for the first time in an appellate court.

2. ———: ———: CONSTITUTIONAL QUESTION. Before the Supreme Court can assume jurisdiction of an appeal on the ground that the case involves the construction of the Constitution, the record must show that the constitutional question was raised in the trial court, and that the protection of the Constitution claimed by the losing party was denied him.

3. ———: ———: CASE STATED. This case was an action of replevin for the recovery of specific personal property of the value of $187.51. The property was claimed by the defendant as the assignee of one Ferris. The case was tried by the court and the judgment was for the defendant for a return of the property or in default thereof for $187.50. The bill of exceptions recites that, "The cause being submitted to the court it was dismissed for want of jurisdiction and judgment rendered accordingly for defendant." In the briefs of the counsel it is stated that the question of the constitutionality of the Act of 1891 (Laws 1891, p. 106) was the basis of the judgment dismissing the cause for want of jurisdiction. *Held*, that a constitutional question is neither raised at the proper time nor in the proper manner and that the cause must be transferred to the St. Louis Court of Appeals, since the amount in controversy is not sufficient to give the Supreme Court jurisdiction. (Following *Lang v. Callaway*, 134 Mo. 491.)

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*George Robertson* for appellant.

*F. R. Jesse, W. H. Kennan* and *W. W. Fry* for respondent.

MARSHALL, J.—This is an action of replevin insti-tuted in the circuit court of Audrain county for the recovery of specific personal property of the value of $187.51. The petition is in the usual form. The answer denies the plaintiff's ownership of the property, the allegation of wrongful taking of possession by defendant, and asserts title and possession as assignee of one Ferris for the benefit of his creditors. The reply admits the assignment to defendant, and denies all other allegations of the answer. The case was tried by the court. No instructions were asked or given. The judgment was for the defendant for a return of the property, or in default thereof for $187.50. The bill of exceptions recites that, "the cause being sub-mitted to the court it was dismissed for want of juris-diction and judgment rendered accordingly for defend-ant." The motion for new trial was in the usual form with the addition that the seventh ground was, "The court has jurisdiction of the cause." This motion being overruled the plaintiff was allowed an appeal to this court.

With the record in this shape it is claimed that a case involving the construction of the Constitution of this State, within the meaning of section 12 of article VI of the Constitution of Missouri, is presented.

This contention is based upon the claim that the Act of March 19, 1891 (Acts 1891, p. 106), amending section 3318, chapter 46, article 3, Revised Statutes Missouri 1889, is unconstitutional, because the title of that act is not such as is required by section 28 of arti-cle IV of the Constitution.

The jurisdiction of any court over the subject-matter of the litigation is always open to question in every case and if apparent on the face of the record, may be raised for the first time in the appellate court

*Henderson v. Henderson*, 55 Mo. 534; *Graves v. McHugh*, 58 Mo. 499; *Bray v. Marshall*, 66 Mo. 122. But to give this court appellate jurisdiction on the ground that the case involves the construction of the Constitution of this State, the record must show that the point was raised in the trial court and the protection of the Constitution claimed by the losing party was denied him. *Holland v. DePriest*, 130 Mo. 89; *Lang v. Callaway*, 134 Mo. 491; *Hoyt v. Shelden*, 1 Black, 518; *Maxwell v. Newbold*, 18 How. 511; *Sayward v. Denny*, 158 U. S. *l. c.* 184.

In this case the record does not show that any question involving the construction of the Constitution was presented for the consideration of the trial court or that any right guaranteed thereby was denied the losing party by that court.

The bill of exceptions shows that the cause was dismissed by the circuit court for want of jurisdiction, but the record shows an ordinary judgment for defendant for a return of the property replevied. Ignoring, for the moment, this conflict, the record does not show that the trial court held that it had no jurisdiction because the act of 1891 is unconstitutional, nor in fact why the court so held. The motion for new trial, assigns, inferentially, as error the action of the trial court in holding that it had no jurisdiction (whether of the subject-matter or over the person is not stated) but sets up no claim under the Constitution.

If we regard the recitals of the bill of exceptions and those of the record proper as of equal dignity (*Douglas v. Orr*, 58 Mo. 573), still no constitutional question can be said to have been properly raised in this case, for only from the briefs of counsel filed in this court are we informed that the question of the constitutionality of the act of 1891 was the basis of the judgment of the circuit court, and as we have uniformly

held this does not raise such a question at the proper time and in the proper manner.

In many and most of its essential features this case is like the case of *Lang v. Callaway*, 134 Mo. 491, and that case was transferred to the Kansas City Court of Appeals, because no constitutional question was properly raised in the trial court. When the case reached that court of appeals, the effect of the acts of March 19, 1891, and April 1, 1891, upon section 3318, Revised Statutes 1889, and upon the concurrent jurisdiction of the circuit courts and of justices of the peace, was determined. (*Lang v. Calloway*, 68 Mo. App. 393.) The question of the sufficiency of the title of the act of March 19, 1891, does not appear to have been raised or decided in that case, but in all other respects the two cases are parallel. As the amount involved herein is not sufficient to confer jurisdiction upon this court and as no constitutional question is raised by the record, the court has no jurisdiction, and the cause will be transferred to the St. Louis Court of Appeals. All concur.