WALTER KERNER, by His Next Friend, FRANK J. KERNER, Respondent, v. AMBROSE CONKLE, Appellant.

**St. Louis Court of Appeals, January 10, 1899.**

Practice, Trial: JUDGMENT: MOTION FOR NEW TRIAL. In the case at bar, the motion for new trial, to the overruling of which defendant excepted, was not filed within the time prescribed by the statute and therefore the record proper was alone before the appellate court for review.

*Appeal from the Clark Circuit Court.*—HON. EDWIN R. McKEE, Judge.

AFFIRMED.

JAMES G. BLAIR and CHARLES HILLER for appellant.

Courts of record having common law jurisdiction, may after expiration of time for filing motion for a new trial, on their own motion, or motion, or suggestion of the parties injured set aside the judgment and verdict of the jury on which rendered at any time during the term at which the verdict and judgment was rendered and given, when the same is improvidently, illegally, oppressively or unjustly given and rendered. And the appellate courts will review the record in such cases and interfere on appeal, writs of error or by mandamus with the discretion of the trial courts, when their action is illegal, in contravention of some statute, or when oppressively, abusively or injudiciously exercised, in the absence of any prohibition by statute laws. Ashby v. Glasgow, 7 Mo. 320; Nelson v. Gleislen, 17 Mo. App. 663, 666; Fannon v. Plummer, 30 Mo. App. 25, 28; Carr v. Dawes, 46 Mo. App. 598-600; Martin v. St. Charles Tobacco Co., 53 Mo. App. 655, 657, 658; McLaran v. Wilhelm, 50 Mo. App. 658-662. Plaintiff's cause of action in his petition is based upon defendant assaulting and beating plaintiff on the left side of his head, left ear and breaking his left collar bone. Defendant in his answer denies each of those allegations, but admits that he struck plaintiff on the right side of the head, but denies any injury to plaintiff's right ear, shoulder, etc.; denies malice, etc.; and sets up mitigating circumstances. This being the state of the pleadings we hold the court erred in giving plaintiff his instruction number 2 —it should have been confined to the left side of his head, ear and shoulder. It is too broad—made to cover any part of plaintiff's body. It is not only radically wrong but misleading as well. Royer v. Fleming, 58 Mo. 438-443; State v. Petit, 119 Mo. 410-415, 416. The verdict is grossly against the evidence in the cause and not warranted or supported by it;

VOL. 78 app—5

and upon its face shows great misconduct and prejudice upon the part of the jury—and the verdict is the result of that misconduct and prejudice. This appears upon the face of the record proper, as well as upon the face of the whole record and is reversible error. R. S. 1889, sec. 2241, p. 578; Taylor v. Fox, 16 Mo. App. 527; Lionberger v. Pohlman, 16 Mo. App. 592; Reid v. Ins. Co., 58 Mo. 421. Because the newly discovered evidence attached to the motion will certainly secure a verdict for defendant upon another trial, and though the evidence should be considered cumulative the judgment and verdict should be set aside for that reason. Howland v. Rueves, 25 Mo. App. 458, 464, 465; State v. Wheeler, 94 Mo. 252-254; State v. Bailey, 94 Mo. 311-315, 316. Meaning cumulative evidence. 25 App., supra, 458-464; 94 Mo., supra, 311-315. If the newly discovered evidence should be considered cumulative and not original; and there should be doubt in the mind of the court as to whether it would be sufficient to produce a different result upon another trial, then and in that case it is the duty of the court to set aside the judgment and grant a new trial. State v. Bailey, 94 Mo. 311-315, 316.

T. L. and S. J. MONTGOMERY and BERKHEIMER & DAWSON for respondent.

The statute is mandatory that the motion for a new trial must be filed within four days from the rendition of the verdict if the term continues. See statute. State v. Arnold, 54 Mo. App. 660; State v. Brooks, 92 Mo. 542; State ex rel. v. Mason, 31 Mo. App. 211; Good v. Lewis, 118 Mo. 357.

BOND, J.—This is an action for damages for assault and battery. There was a verdict and judgment for plaintiff for $100. Defendant filed a motion for new trial, which was overruled on January 7, 1896. Defendant did not except to this ruling, but on the third of April, 1897,

filed a second motion to set aside the judgment and for new trial. This motion was subsequently overruled, exceptions taken, and an appeal by defendant to this court. It is undisputed that the motion for new trial, to the overruling of which defendant excepted, was not filed within the time prescribed by statute; Revised Statutes 1889, section 2243; hence the record proper is alone before us for review, and as that discloses no error on its face, the judgment herein is affirmed. All concur.

