JOHN W. CARTER, Respondent, v. NANCY J. CARTER, Appellant.

**Kansas City Court of Appeals, April 1, 1901.**

**Divorce:** PETITION: JURISDICTION: RESIDENCE: DECREE. A petition for divorce set out in the opinion only alleges that plaintiff is now a resident of C. county and has resided there more than one year before the filing of this petition. *Held*, insufficient and confers no jurisdiction. The allegation should have been "one whole year next before filing the petition," and a decree merely finding the truth of the allegations does not cure it.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*John A. Cross & Sons* for appellant.

(1) Plaintiff's petition is not sufficient to constitute a cause of action for divorce, and does not give the court jurisdiction to try the cause. R. S. 1899, sec. 2924. In every case where a divorce is sought, it should appear plainly on the face of the petition that the facts giving jurisdiction to the court exists; and if they do not appear on the face of the petition, the court can take no valid step. Werz v. Werz, 11 Mo. App. 26. (2) The fact that plaintiff has resided in this State for one whole year next before the filing of the petition, "unless the offense or injury complained of was committed in this State, or while one or both parties resided in it," is a jurisdictional fact that must be alleged, and a decree of divorce rendered upon a

petition, which lacks such averment, "or an allegation covering the intent and meaning of the statute," is *coram non judice*, and void. R. S. 1899, sec. 2924; Cheatham v. Cheatham, 10 Mo. 296; Cole v. Cole, 3 Mo. App. 571; Pate v. Pate, 6 Mo. App. 49; Werz v. Werz, 11 Mo. App. 26; Hansford v. Hansford, 34 Mo. App. 262; Smith v. Smith, 48 Mo. App. 612; Collins v. Collins, 53 Mo. App. 470. (3) A motion in arrest lies if the petition fails to state facts sufficient to constitute a cause of action. House v. Lowell, 45 Mo. 381; Pickering v. Telegraph, Co., 47 Mo. 457; Burdsal v. Davies, 58 Mo. 138; Langford v. Sanger, 40 Mo. 160; Syme v. Steamboat Indiana, 28 Mo. 335; Weber v. Ins. Co., 5 Mo. App. 51; Hart v. Wire Co., 91 Mo. 414.

*F. B. Ellis* for respondent.

(1) If it is necessary, as contended by counsel for appellant, that the exact words of the statute should be used in order to give jurisdiction, then it will readily be conceded that contention of appellant is correct, but if there is a substantial compliance with the statute, then the judgment in this case should be upheld. In support of the contention of appellant, he cites in his brief the case of Collins v. Collins, 53 Mo. App. 470. In the first place the Collins case is unlike the case at bar. The case of Cole v. Cole, in the 3 Mo. App. 571, cited by appellant, is no longer the law in this State as was held in the case of Gant v. Gant, 49 Mo. App. 3, neither is the case of Pate v. Pate, 6 Mo. App. 49. Both of these cases were illy considered and have been overruled. (2) The petition really charges that both plaintiff and defendant have resided in Clinton county since 1872, and have never lived any place else. If enough can be gotten from the whole record to show jurisdiction, it is enough. Smith v. Smith, 48 Mo. App. 617; Bank v. Leyser,

116 Mo. 73. If a cause of action can be inferred from the petition, that is, residence, then the petition is good after verdict. Edmonson v. Phillips, 73 Mo. 58. (3) If the petition was defective and failed to state a cause of action, then such defect was cured or waived for the reason that the defendant filed an answer and there was an issue joined. The court heard all the evidence pro and con, which evidence is not before this court, and can not be considered by this court. The defendant having answered and gone to trial, all objections are waived. The answer not only admits the marriage in Clinton county, but it pleads a defense, that is, that they had always lived and cohabited as man and wife. This is sufficient to infer residence. Price v. Protection Co., 77 Mo. App. 241, and cases there cited; Greenlow v. Greenlow, 12 N. H. 200; White v. White, 5 N. H. 476; Nelson on Marriage and Divorce, 678.

BROADDUS, J.—The amended petition on which this case was tried alleges: "That on the — day of —, 1872, in the county of Clinton, in the State of Missouri, he was lawfully married to the defendant. That plaintiff continued to live with the defendant as her husband from and after the day and year aforesaid until the — day of March, 1896, last past; that during all that time plaintiff faithfully demeaned himself as the husband of defendant, and at all times treated her with kindness and affection; but the said defendant wholly disregarded her duties as the wife of the plaintiff, has absented herself without any reasonable cause for the space of more than one year, and has refused to live with plaintiff as his wife since the — day of March, 1896."

For another cause of action plaintiff alleges, "That she has at divers times since said marriage sat in the lap of one Phillip Morgan, and has told plaintiff that she had rather sit in Mor-

gan's lap than in his; and the defendant has frequently hugged and kissed the said Morgan in an affectionate manner, and that since the separation of the defendant from the plaintiff, as aforesaid, the said Morgan has almost constantly resided and lived at the house of the defendant. That she frequently since the marriage told this plaintiff that she thought more of the said Morgan than of plaintiff. Plaintiff further says that he is now a resident of Clinton county, Missouri, *and has resided in Clinton county, Missouri, more than one year before the filing of this petition."* The petition is properly sworn to.

The cause was tried and judgment was entered granting plaintiff a divorce from which defendant appealed. The only question before us is, did the court have jurisdiction of the case under the petition.

The defendant in due time filed her motion for new trial and in arrest of judgment, both of which were overruled. The motion in arrest, among other grounds for setting aside the judgment, avers, "that the petition does not state a cause of action." The statute provided that "no person shall be entitled to a divorce from the bonds of matrimony who has not resided within the State one whole year next before the filing of the petition, unless the offense or injury complained of was committed within this State, or whilst one or both of the parties resided within the State." The petition fails to make this statutory allegation, but instead only states that he has resided in Clinton county, Missouri *more than one year before filing the petition.* The allegation should have been, *"one whole year next before filing the petition."* As the offense charged was not alleged to have been committed in this State, the court had no jurisdiction of the cause. Collins v. Collins, 53 Mo. App. 470.

Vol 88 app—20

The case is not helped by the decree, for it merely recites that the allegations of the petition were found to be true. Smith v. Smith, 48 Mo. App. 612.

The judgment is reversed and the cause remanded. All concur.