AVIS T. JOHNSON, Respondent, v. THOS. R. JOHNSON, Appellant.

**Kansas City Court of Appeals, June 9, 1902.**

**Divorce:** JURISDICTION: PLEADING: RESIDENCE: STATUTORY CONSTRUCTION. A petition for divorce should allege that plaintiff has resided in the county one whole year next before its filing, and an allegation that plaintiff has so resided one whole year continuously before the filing, etc., is insufficient and is not helped by section 4156, Revised Statutes 1899.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

REVERSED AND REMANDED.

*Carey May Carroll* for appellant.

(1) The petition does not allege that plaintiff has been a resident of the State for "one whole year next before filing of the petition" or that "the offense or injury complained of was committed within this State, or whilst one or both of the parties resided within this State." Sec. 2924, R. S. 1899; Collins v. Collins, 53 Mo. App. 470. Non-support not an indignity. Campbell v. Campbell, 73 Mo. App. 579; Owen v. Owen, 48 Mo. App. 209. Defect is not cured by the decree. Smith v. Smith, 48 Mo. App. 612-617; Carter v. Carter, 88 Mo. App. 302-306.

*Milton Campbell* for respondent.

(1) The basis for the charge that the record does not show jurisdiction seems to lie in the proposition

that there is a material distinction between the phrase "one whole year continuously before filing the petition," and the phrase, "one whole year next before filing the petition." Here now, I know that "before," means "preceding," by its definition in every dictionary; and I read in the statute, that "preceding" means "next preceding." Sec. 4156, R. S. 1899. (2) Moreover, as this is a matter of "jurisdiction," the court may avoid any stretching over that phrase by considering these two facts: (a) The appellant answered and is in court. (b) The circuit court has jurisdiction to try divorce cases. Jurisdiction is complete when these two facts concur. Chouteau v. Allen, 70 Mo. 290; Stearns v. Railroad, 94 Mo. 317; Hughes v. McDivitt, 102 Mo. 77; Spurlock v. Railroad, 104 Mo. 658; Real Estate Co. v. Lindell, 133 Mo. 395.

*Frank Gordon* for respondent.

(1) Petition sufficient to give court jurisdiction. Sec. 2924, R. S. 1899; Collins v. Collins, 53 Mo. App. 470; Smith v. Smith, 48 Mo. App. 612. (2) Petition alleges the offenses complained of were committed within the State.

ELLISON, J.—This is an action for divorce in which the plaintiff prevailed in the trial court and defendant, having failed in his motions for new trial and arrest of judgment, has appealed.

The point made by defendant's counsel on the motion in arrest relates to a radical defect in the allegations of the petition as to the residence of the plaintiff in this State. The allegation, is that, "Plaintiff has been a resident of Jackson county, Missouri, for more than one whole year continuously before the filing of the original petition in this and before this date also." The statute is that the plaintiff must have resided within the State one whole year next before

Johnson v. Johnson.

filing of the petition. There is no statement that the offense or injury was committed in this State or while the plaintiff resided in this State. By inference it may be gathered that some of the many small acts charged were committed in this State, but this is not sufficiently explicit and was evidently not relied on by the pleader as avoiding the necessity of an allegation of residence which he undertook to make. The allegation does not meet the requirement of the statute. The plaintiff may have resided in this State one whole year continuously before filing her petition and yet that year have been a long time in the past. The statute requires the year's residence to be the year *next* before filing the petition. Collins v. Collins, 53 Mo. App. 470; Carter v. Carter, 88 Mo. App. 302; Hansford v. Hansford, 34 Mo. App. 262.

It is suggested that the word "before" used in the petition means "preceding" and that by force of the statute (section 4156, Revised Statutes 1899) "preceding" means "next preceding." That statute has no reference to the word as used in pleading. It merely concerns the word when used in the statute as reference to another section of the statute.

The judgment is reversed and the cause remanded. All concur.