GORDON, Respondent, v. GORDON, Appellant.

St. Louis Court of Appeals, January 21, 1908.

DIVORCE: Pleading: Residence in the State.  A petition for divorce which contains no averment that plaintiff had resided within the State one whole year next before the filing of the petition, or that the grievances complained of were committed within this State, or whilst one or both of the parties resided therein does not state a cause of action of which a court in this State has jurisdiction.  [Section 2924, Revised Statutes 1899.]

Appeal from Knox Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

REVERSED AND REMANDED.

*W. S. Vawter* and *F. H. McCullough* for appellant.

*Balthrope & Smith* for respondent.

PER CURIAM: This appeal was prosecuted from a decree of divorce rendered in favor of the plaintiff. In view of the fact that an essential jurisdictional averment is not in the petition, we will state neither the grounds of divorce alleged, nor the evidence offered in support of the allegations, which, however, seems to us to be weak in comparison with the countervailing evidence. The petition contains no averment that the plaintiff had resided within this State one whole year next before the filing of the petition, or that the grievances complained of were committed within the State whilst one or both of the parties resided therein. One or more of those facts must be stated in the petition to give the court jurisdiction of the cause. [R. S. 1899, sec. 2924; Smith v. Smith, 48 Mo. App. 612; Collins v. Collins, 53 Mo. App. 470; Carter v. Carter, 88 Mo. App. 302; Johnson v. Johnson, 95 Mo. App. 324, 68 S. W. 971.] We may add, that neither in the answer, decree nor elsewhere, is there any averment or finding of the requisite jurisdictional fact to aid the petition, if it could be aided; a point we do not decide.

The judgment is reversed and the cause remanded.