JOHN W. ELLIOTT, Plaintiff in Error, v. HATTIE K. ELLIOTT, Defendant in Error.

Kansas City Court of Appeals, January 11, 1909.

1. DIVORCE: Appeal: Error: Time. Under the statute an appeal from a decree of divorce must be taken at the term and a writ of error must be sued out within sixty days of the decree.

2. ———: ———: ———: ———: Review. A decree of divorce cannot be reviewed except as to the part relating to alimony and the custody of children which may be reviewed as in other cases; but this review as given by the statute does not refer to a writ of error but merely the ordinary petition for review of the alimony and custody of the children.

3. ————: Alimony and Custody of Children: Void Judgment: Support: Liability. Whether the joining on an allowance to the wife with an allowance for the support of the minor children can be reached by petition for review, or whether such joining makes the allowance void upon its face, is not decided; if such allowance is void the husband is still liable to the wife for the support of the children.

Error to Jackson Circuit Court.—*Hon. Walter E. Powell,* Judge.

WRIT OF ERROR DISMISSED.

*W. F. Riggs* for plaintiff in error.

(1) The statute (sec. 2929, R. S. 1899) provides that "the guilty party shall forfeit all rights and claims under and by virtue of the marriage." R. S. 1899, sec. 2947. (2) But the court was without jurisdiction to render judgment for alimony "as alimony" for the support of the defendant, she being guilty. Doyle v. Doyle, 26 Mo. 545; De Graw v. De Graw, 7 Mo. App. 121; McIntire v. McIntire, 80 Mo. 470; Slaughter v. Slaughter, 106 Mo. App. 104; 86 Am. Dec. 643; 54 Pac. 921; 30 S. E. 825; 23 Cyc. 684. The court having cognizance of divorce cases has no common law authority, and its right to adjudicate concerning alimony is solely statutory. Hope v. Blair, 105 Mo. 93; Charles v. White, 112 S. W. 549. (3) Writ of error is the proper remedy. At common law the writ of error is a writ of right, and is a writ of right in Missouri. 2 Tidd's Practice, 1141; 7 Ency. Pl. & Pr., 822, 860; Igo v. Bradford, 108 S. W. 587; Cole v. Cole, 115 Mo. App. 466. (4) A void judgment may be reviewed on writ of error. Orchard v. Bank, 98 S. W. 824; Leslie v. Chase, 98 S. W. 525. (5) Statute of Limitations, secs. 2931, 2932, R. S. 1899. (6) When a court transcends its jurisdiction its judgment is void. 9 How. 366; 99 Mass. 267; 13 Ill. 432; 21 Barb. 9; 16 Vt. 246.

*Metcalf, Brady & Sherman,* for defendant in error, filed no briefs.

ELLISON, J.—Plaintiff brought his action for divorce from defendant, his wife. She filed a cross-bill, but afterwards withdrew it, and the court granted the divorce to plaintiff for defendant's fault. It was "further ordered and adjudged by the court that defendant have and recover of and from the plaintiff as alimony for the support of herself and two children Katie and Nellie, the sum of $65 per month from and after September 15, 1907, first payment to be paid on October 1, 1907, payable on the first and fifteenth of each month thereafter; plaintiff is further ordered to pay Dr. Walls for the treatment of defendant and the daughter, Nellie, during the present illness of both, to cover both medicines and treatment, until the further order of this court; it is further ordered and adjudged by the court that the costs herein be paid by and that execution therefor issue against the plaintiff."

Neither party appealed, but within one year, that is, about ten months thereafter, the plaintiff sued out a writ of error upon which the record has been brought here for review.

The point made against the judgment is that it adjudges permanent alimony to defendant when the divorce was granted to plaintiff as the innocent party. In this respect error was committed. [McIntire v. McIntire, 80 Mo. 470; Slaughter v. Slaughter, 106 Mo. App. 104.] It was doubtless the intention to give defendant the care and custody of the two little girls and the allowance was in part, made upon that idea; but it seems an order as to care and custody was omitted.

But, notwithstanding this condition of the record, the writ of error must be dismissed. It has been sued out as though this was an ordinary case where a writ may be taken within one year. The statute (sec. 2931, Revised Statutes 1899) provides that "no final judg-

ment or order rendered in cases arising under this chapter shall be reversed, annulled or modified, in the Supreme or any other court, by appeal or writ of error, unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment was rendered." The effect of the statute is not only that the writ of error must be taken within sixty days if the judgment of divorce is objected to, but it must be taken within that time if the complaint is as to any order as to alimony, or the custody of children, or their maintenance.

So as to cut out any claim of a right to disturb a judgment for divorce except it be appealed from during the term, or a writ of error taken within sixty days of the term, the next section provides that there shall not be any petition for review of the divorce; but there may be as to the alimony or custody of children. It is the last four words of this section which plaintiff clings to as allowing the present writ of error. The whole section reads: "No petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statute to the contrary notwithstanding; but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases." This phrase "as in other cases" does not refer to a writ of error; for a right to a writ of error has been limited and disposed of by section 2931. It refers to a petition for review, which is the sole matter with which the section is concerned. The section means, and reads, that there shall not be a petition for review of the judgment of divorce, but may be a petition for review of the alimony and custody of children, as in other cases; that is, the ordinary cases where the petition for review may be had as is provided in sec-

tions 777 to 783, Revised Statutes 1899. While the
points here made were not specially considered in Salis-
bury v. Salisbury, 92 Mo. 683, and Nave v. Nave, 28
Mo. App. 505, yet what we have written is in keeping
with those cases.

We are not called upon to say, at this time,
whether plaintiff could have such error corrected by
the review provided for in section 2932. Nor are we
called upon to say whether that part of the judgment
is void on its face. We do not express an opinion on
these points.

But if the judgment for alimony were to be consid-
ered void by reason of allowing it to the wife when the
husband got the divorce for her fault; and if joining
such improper alimony with the support of the children
in a lump sum, so that that for the children cannot
be separated, is to be considered as also avoiding the
judgment for the support of the children, yet plaintiff
would remain liable to the mother for their support in
an action against him for that purpose. [Lukowski v.
Lukowski, 108 Mo. App. 204, and cases cited; Seely v.
Seely, 116 Mo. App. 362.]

The result of the foregoing consideration is to
dismiss the writ and it is so ordered. All concur.