STELLA F. ROBBINS, Respondent, v. JOHN B. ROBBINS, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. DIVORCE: Alimony: Suit Money. Section 2929, Revised Statutes 1899, provides that the guilty party shall forfeit all rights and claims under and by virtue of the marriage, which precludes the allowance of permanent alimony to the offending wife but does not apply to the allowance of suit money, and such suit money may be allowed on final hearing though the wife be adjudged the guilty party.

2. ———: ———: ———. Since the statute allows an application for suit money to be made at any time "pending suit," and plaintiff's petition in divorce contained a formal application for suit money, this was a sufficient foundation for an order allowing the same, although such order was made after final hearing, a suit being "pending" until a final judgment is rendered.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*Bruce Barnett* for appellant.

The court erred in overruling the motion to quash the execution for the reason that the money judgment against defendant (appellant) is void. It has been held that judgment for permanent alimony in a cause in

which the divorce is awarded to the husband is void. McIntyre v. McIntyre, 80 Mo. 470. By statute in case, of divorce "the guilty party shall forfeit all rights and claims under and by virtue of the marriage." R. S. 1899, sec. 2929. The only authority for granting alimony regardless of the result of suit is to do so pending the suit, it being provided that "the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant." Rosenfeld v. Rosenfeld, 63 Mo. App. 413; Schlemmer v. Schlemmer, 107 Mo. App. 489.

*C. S. Owsley* and *J. H. Bremmerman* for respondent.

The judgment is not for permanent alimony, nor temporary alimony. The decree itself shows this. Schlemmer v. Schlemmer, 107 Mo. App. 487. The court below had a right to reimburse Stella F. Robbins for her expenses incurred in the course of the prosecution of the suit, as a condition precedent to granting defendant a divorce, and the presumption is in favor of the trial court. MacDonald v. Wagner, 5 Mo. App. 58; Mangels v. Mangels, 6 Mo. App. 487; Waters v. Waters, 49 Mo. 389; Adams v. Adams, 49 Mo. App. 596; Woodward v. Woodward, 84 Mo. App. 331; State ex rel. v. St. Louis, 99 Mo. 222. The wife is allowed suit money as a matter of course either to prosecute or defend. Stark v. Stark, 115 Mo. App. 436; Fullhart v. Fullhart, 109 Mo. App. 705.

JOHNSON, J.—The appeal in this cause was taken by defendant from an order of the trial court overruling a motion to quash an execution issued to enforce a judgment for alimony *pendente lite.* The cause is presented to us on the record proper.

Plaintiff brought suit in the circuit court of Jackson county against defendant, her husband, for divorce on grounds not now important. In the petition she

prayed "that the court allow plaintiff as temporary alimony and suit money . . . such sums . . . as to the court may seem proper in the premises." Defendant filed an answer and cross petition in which he prayed that a divorce be granted him. No formal motion for suit money was filed by plaintiff nor was any interlocutory order made awarding her alimony of that character. At the hearing of the cause on its merits, the court found that defendant was the innocent and injured party and decreed that a divorce be granted him. In the decree, the court found "that the plaintiff has been put to necessary cost and expenses in the prosecution of this cause upon her part in the sum of $275," and adjudged "that the plaintiff have and recover of the defendant the sum of $275 for the cost and expense of the prosecution of this suit upon her part and that she have execution therefor."

The ground of defendant's motion to quash the execution issued on this judgment is "that said pretended judgment against this defendant for the amount aforesaid was rendered at the time and as a part of the judgment in which the issues were found for this defendant and the said execution issued thereunder and thereupon accordingly are wholly null and void." Defendant argues in effect that the jurisdiction of the court over the subject of allowing suit money to the wife ends with the hearing of the cause on the merits when such hearing results in a final adjudication that the wife is the guilty party. The statute provides: "The court may decree alimony pending the suit for divorce in all cases where the same would be just whether the wife be plaintiff or defendant and enforce such order in the manner provided by law in other cases."

This statute superseded the rule of the Ecclesiastical courts of England which allowed the wife suit money almost as a matter of course. Under the provision quoted, the trial court had authority pending the suit to award plaintiff suit money if in the exercise of a sound

discretion it deemed her entitled to that species of re-
lief. Since we have nothing before us but the record
proper, we must assume that the evidence heard by the
court disclosed a proper cause for such allowance on a
timely application therefor. Further, we should assume,
if it will aid the judgment, that as plaintiff asked in her
petition for suit money she afterward applied orally to
the court for an adequate allowance before the trial of
the suit, and that the hearing of her application was
postponed to the final hearing of the whole case. Had
plaintiff filed a written motion for suit money before the
final hearing, the postponement of the hearing of the
motion until the trial would not have deprived the court
of the authority to sustain such motion. "Though it is
the usual and better course for the temporary alimony
to be made at an early stage of the cause it may be made
upon final hearing." [Jeter v. Jeter, 36 Ala. 391; 2
Bish. on Marriage and Divorce, sec. 955.] Suit money
may be allowed on final hearing though the wife be ad-
judged the guilty party. The statutory rule that "the
guilty party shall forfeit all rights and claims under and
by virtue of the marriage" (section 2929, R. S. 1899)
precludes the allowance of permanent alimony to the
offending wife, McIntire v. McIntire, 80 Mo. 470, but
does not apply to the allowance of suit money. "The
power of the court to order and enforce an allowance for
alimony *pendente lite* although an adjunct of the action
of divorce is an independent proceeding standing upon
its own merits, and in no way dependent upon the merits
of the issues in the divorce suit, or in any way affected
by the final decree upon those merits." [Adams v.
Adams, 49 Mo. App. 592; Schlemmer v. Schlemmer, 107
Mo. App. 487.] Whether guilty or innocent, the wife has
a right to prosecute or defend an action for divorce and
since the husband usually holds the purse strings, he
must furnish her the means of attack or defense else she
often would be left in a helpless and defenseless condi-
tion. Since we find the court had the power to allow

suit money on a proper application therefor, it remains to be seen if proper application was made. The petition contained a formal application for suit money. This was a sufficient foundation for the order and we know of no rule of pleading to the contrary. As we observed before, we shall assume that plaintiff orally called the attention of the court to her application before the day of the trial, but if she did not, we think her oral application must have been proffered at the trial and was timely. The statute says that such application may be made at any time "pending suit." A suit is pending until a final judgment is rendered. (7 Words and Phrases, 5277.) The decree shows on its face that the cause was pending when the allowance was made.

The judgment is affirmed. All concur.