ANDREW J. KELLER, Defendant in Error, v. SARAH F. KELLER, Plaintiff in Error.

**Kansas City Court of Appeals, June 6, 1910.**

1. **DIVORCE: Pleading: Residence.** A petition which does not state that the cause of action arose in this State, must allege that the plaintiff has resided in this State one whole year "next" before the filing of the petition.

2. ————: **Abstract.** If the abstract presented by an appellant is not correct, it is the respondent's duty to present a counter abstract. The court will not refer to the transcript on the mere denial of the respondent.

Error to Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

REVERSED AND REMANDED.

*Frank W. Ashby* for plaintiff in error.

(1) An appellate court is not required to search the transcript to see if appellant's abstract is correct. If defendant in error questions the sufficiency of the abstract, he must properly present his point. McQueen v. Groff, 105 Mo. App. 165; Mink v. Chesney, 110 Mo. App. 334; Fischer v. Mayor, 112 Mo. App. 686; Telephone Co. v. Hope, 123 S. W. 501; Parkey v. Reese, 125 S. W. 212; Grubbs v. Watkins, 125 S. W. 214. (2) Unless the correctness of the record contained in plaintiff in error's abstract is properly denied, which is not done in this case, this court will assume it to be correct. Griffin v. Railroad, 115 Mo. App. 555; State ex rel. v. Berger, 92 Mo. App. 636. (3) As defendant in error has failed to print the additional record necessary to make the point, as to the record in the court below not being properly supplied, and no counter showing

whatever being made, as to the correctness of the record printed in plaintiff in error's abstract, this court is bound to hold that the abstract furnished by plaintiff in error is correct. Ricketts v. Hart, 73 Mo. App. 648; State ex rel. v. Wagers, 47 Mo. App. 436; Ormiston v. Trumbo, 77 Mo. App. 314.

*P. G. Crowe* for defendant in error.

(1) The question of the sufficiency of the jurisdictional allegation in the petition, as to the residence of the plaintiff, cannot be raised for the first time in the appellate court. Moore v. Railroad, 51 Mo. App. 504; Fields v. Maloney, 78 Mo. 179. There is nothing in this record to show that the defendant made any objection to the jurisdiction of the circuit court. (2) The petition is sufficient to give the court jurisdiction. Smith v. Smith, 48 Mo. App. 612; Werz v. Werz, 11 Mo. App. 26. If enough can be gotten from the whole record to show jurisdiction, it is sufficient. Bank v. Leyser, 116 Mo. 73. If residence can be inferred from the petition then it is good after verdict. Edmonson v. Phillips, 73 Mo. 58. If the petition fails to state a cause of action it should be taken advantage of by demurrer. R. S. 1899. sec. 598.

ELLISON, J.—Plaintiff brought an action for divorce against defendant and in due course thereafter was granted a decree by the trial court. Within sixty days defendant sued out a writ of error.

The petition is fatally defective. Not alleging that the cause for divorce accrued in this State, it then fails to allege that plaintiff had resided in this State one whole year next before the filing of the petition. It does allege that he "has resided in the State of Missouri one whole year before the filing of this petition." But that is not sufficient. He should have stated the year to be the year "next" before filing the petition.

The statute requires the residence to be "next before." One may have resided one year before, at some distant time anterior. [Collins v. Collins, 53 Mo. App. 470; Carter v. Carter, 88 Mo. App. 302; Johnson v. Johnson, 95 Mo. App. 329; Stansbury v. Stansbury, 118 Mo. App. 427; Coulter v. Coulter, 124 Mo. App. 149.]

It appears from plaintiff's brief that after the decree and pending the issuance of the writ of error, the petition was lost. Defendant then undertook to have the trial court supply it and the court did so. But plaintiff contends it was not properly done. The abstract of the record as presented by defendant, sets out the pleadings, consisting of the petition, answer and reply. It does not disclose that the petition is a supplied copy. There is no counter-abstract and we accept that of defendant. We cannot allow the mere assertion of a party to take the place, and stand instead, of the requirement of our rules. If the abstract presented by defendant did not present the record properly, it was plaintiff's duty to present a counter-abstract. He has no right to merely deny and refer the court to the transcript.

The judgment is reversed and cause remanded. All concur.