WILL L. GARVER, Respondent, v. CATHERINE H. GARVER, Appellant.

Kansas City Court of Appeals, July 9, 1910.

1. **PRACTICE: Pleadings: Amendment.** The action of the trial court in permitting a plaintiff to amend his petition after the arguments of the case by counsel is not erroneous.

2. ————: ————: ————. After the amendment by interlineation of a petition for divorce, the petition need not be again verified by the affidavit of the plaintiff.

3. ————: ————: ————: **Marriage and Divorce: Allegation of Residence.** Unless the offense or injury complained of in defendant's petition was committed within this State, plaintiff's petition must show that the plaintiff resided within the State

145 App—23

one whole year before the filing of the petition. An allegation "that plaintiff is now a resident of Livingston county, Missouri, and has been continuously for the last ten years," is a compliance with the requirements of the law with reference to such allegation of residence.

Appeal from Livingston Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Lewis A. Chapman* for appellant.

The facts necessary to the conferring of jurisdiction over the subject-matter must be pleaded; and the question of jurisdiction may be raised at any stage of the proceedings and in any court. Hansford v. Hansford, 34 Mo. App. 271; Stansbury v. Stansbury, 118 Mo. App. 271; Coulter v. Coulter, 124 Mo. App. 149.

*Scott J. Miller* for respondent.

JOHNSON, J.—Action for divorce commenced by plaintiff in the circuit court of Livingston county June 23, 1908. The facts alleged in the petition, if true, were sufficient to entitle plaintiff to a divorce on either of two statutory grounds, *viz.*, that defendant had been guilty of such cruel or barbarous treatment of plaintiff as to endanger his life, and that defendant had offered such indignities to plaintiff as to render his condition intolerable. The petition was verified by plaintiff. The answer put in issue all the facts alleged in the petition except the fact that the parties were husband and wife. After hearing the evidence and the arguments of counsel, the court permitted plaintiff to amend his petition to conform to the proof, and averments were interlined which we find did not change the cause of action. The court then entered judgment for plaintiff in due course of procedure; defendant appealed.

The evidence was not preserved in the record and the cause is before us on the record proper. In such

state of the record, we shall assume that the evidence sustained the allegations of the amended petition and that as far as the merits of the case are concerned the judgment is for the right party. Point is made by the defendant that the amendment of the petition being allowed after the arguments of the case by counsel came too late. The statute provides (section 657) that, in the furtherance of justice, the court at any time before final judgment may amend any pleading to conform to the facts proved when such amendment does not substantially change the cause of action. The amendment was within the letter and spirit of the statute.

Another point advanced against the amendment is that it was allowed without a reverification of the petition. The statute, section 2922, Revised Statutes 1899, requires a petition for divorce "to be accompanied by an affidavit annexed thereto, that the facts stated therein are true according to the best knowledge and belief of the plaintiff." We shall concede for argument that the verification of the petition is jurisdictional but after jurisdiction over the subject-matter and parties has fully attached and the cause is being heard on its merits, it would seem that the functions of the oath were fully performed; its office would be at an end and that, thereafter, amendments to the petition would be governed by the rules pertaining to pleadings not required by law to be verified. We do not think the court erred in failing to have plaintiff resworn to the petition after its amendment to conform to the proof.

Defendant attacks the petition on the ground that it fails to allege that plaintiff resided in this State one whole year next before the filing of the petition. Section 2924, Revised Statutes 1899, provides: "No person shall be entitled to a divorce from the bonds of matrimony who has not resided in the State one whole year next before filing of the petition unless the offense or injury complained of was committed within this

State or whilst one or both of the parties resided within this State." The only averment of the petition relevant to this statute is the following: "Plaintiff states that he is now a resident of Livingston county, Missouri, and has been continuously for the last ten years." The existence of one of the facts mentioned in the statute is indispensable to the right to maintain the action for divorce and must be pleaded in order to confer on the court in which the suit is filed jurisdiction of the subject-matter of the action. If the plaintiff relies on the fact that he is a resident of this State, he must plead and prove that he resided therein one whole year next before the filing of his petition. The courts have been very strict in holding plaintiffs in divorce suits to a specific, unequivocal and unambiguous allegation of the fact of residence in the State during the precise period mentioned in the statute. In Coulter v. Coulter, 124 Mo. App. 149, the allegation that plaintiff "has resided within this State and county more than one year before filing this petition," was held bad for the reason that the year referred to might have been some other year than that immediately preceding the filing of the petition. In Collins v. Collins, 53 Mo. App. 470, the plaintiff stated that "he is now, has for more than one year prior to the filing of this petition been a resident of Jasper county, Missouri." Speaking through ELLISON, J., we held: "We will not say that the very words of the statute should necessarily be stated in the petition, but it is a necessary requisite to make an allegation therein which will cover the intent and meaning of the statute. The reading of the statute is such as to make it plain that the residence, in character and time, is especially intended. The residence must not be made up of different periods which together will aggregate a year; but it must be for one *whole* year. More than this, the year cannot be any whole year prior to the commencement of the action, but must be a particular year, that is, the year *next* before filing the petition. The allegations of

the petition in this case may all be conceded to be true and yet not fill a single requisite of the statute. The allegation in the petition could be true and yet the residence be, in fact, made up of a year or parts of years long since passed."

In Carter v. Carter, 88 Mo. App. 302, we held the allegation that plaintiff "has resided in Clinton county, Missouri, more than one year before the filing of this petition," insufficient under our decision in the Collins case. In Johnson v. Johnson, 95 Mo. App. 329, the averment was that "plaintiff has been a resident of Jackson county, Missouri, for more than one whole year continuously before the filing of the original petition in this and before this date also." We said, "The allegation does not meet the requirements of the statute. The plaintiff may have resided in this State one whole year continuously before filing her petition and yet that year have been a long time in the past."

No fault can be found with any of these decisions. They go no further than to hold the plaintiff to compliance with a jurisdictional requirement of the statute and they do not attempt to force the use in divorce petitions of the precise language of the statute. There is no talismanic virtue in any statutory verbal formula and however clumsily the pleader may express himself, if his allegation of a constitutive fact contains the substance of what the statute requires, its form will be deemed immaterial. In substance, plaintiff said that at the time of the filing of his petition, he was a resident of this State and had been such resident for the last ten years. Necessarily the period stated included that of "one whole year next before the filing of the petition." There is no room for two opinions about the meaning of this language. It is easily distinguishable from that used in any of the allegations considered in the cases to which we have referred and we find that none of those cases supports the contention of defendant.

The judgment is affirmed. All concur.