## ANNA ARNDT, Appellant, v. WILLIAM ARNDT, Respondent.

### Springfield Court of Appeals, February 12, 1914.

1. **APPEALLATE PRACTICE: Errors by Trial Court: Reviewed only after Unsuccessful Motion for a New Trial.** Matters pertaining to errors committed by the trial court in the course of the trial can be reviewed only after an unsuccessful motion for a new trial.

2. **APPEALLATE PRACTICE: Irregularity of Judgment: Motion to Set Aside and for New Trial.** A motion to set aside a judgment for irregularity calls for a special order after final judgment, and the court's ruling thereon may be appealed from regardless of a motion for a new trial on the merits.

3. **APPELLATE PRACTICE: Questioning Trial Court's Jurisdiction: Motion for New Trial, in Arrest or to Vacate not Necessary.** Where the matter complained of by appellant questions the jurisdiction of the circuit court to render a judgment in favor of the defendant, it can be reviewed on an appeal, which brings up the record proper, without a motion for a new trial, in arrest or to set same aside.

4. **DIVORCE: Petition: Cross Bill: Time of Residence: Dated From.** A cross bill in a divorce is the defendant's petition and an allegation therein of the defendant's residence in the state one year from the date of the filing of the cross bill and not from the date of filing of plaintiff's petition, is sufficient.

5. **DIVORCE: Allowance of Temporary Alimony: Expenses of Appeal: Not Denied When.** A divorce was granted the husband on his cross bill, the wife being found to be the guilty party. This did not preclude the court from awarding the wife a further allowance as temporary alimony for her support pending the final determination of the action and to pay the expenses of an appeal.

6. **DIVORCE: Temporary Alimony: Discretion of Court.** On a question of the allowance of temporary alimony the ruling of the trial court is reviewed and *held* not to be an abuse of its discretion relative thereto.

7. **DIVORCE: Custody of Children: Not Essential Part of Decree.** It is not an essential part of a divorce decree that the court make an order touching the custody of the children.

Appeal from Christian County Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*Oscar B. Elam* for appellant.

(1)   Summons being issued November 4, 1912, and served November 9, 1912, and the answer being filed February 28, 1913, nearly four months later, the allegation in the answer of defendant that "he has resided in this State one whole year next before the filing of this answer and cross bill" fails to meet the statutory requirement of residence in the State one whole year next before the filing of the petition.  Unless the errors complained of are formal, or minor, or immaterial, they will be examined on appeal, where appearing from the record proper, though there is neither motion for new trial nor bill of exceptions.  Advance Thresher Co. v. Speak, 151 S. W. 235; Sweet v. Maupin, 65 Mo. 65; State ex rel. v. Scott, 104 Mo. 26; Land Co. v. Betz, 125 Mo. 418; State ex rel. v. Carroll, 101 Mo. App. 110; Nichols v. Lead & Zinc Co., 85 Mo. App. 584; Bank v. McMullen, 85 Mo. App. 142.   (3) When the attention of the court was called to the facts set forth in the motions to set aside the judgment, it was the duty of the court to have heard evidence in suppor thereof and to have considered same.  The parties to every divorce suit consist of plaintiff, defendant and the public.  McQuillan's Missouri Practice, page 859, sec. 1437.   (4) Whether guilty or innocent the wife has a right to prosecute or defend an action for divorce and the husband must furnish the means of attack or defense, if she is without adequate means of her own and this right extends to the means of prosecuting an appeal.  Libbe v. Libbe, 148 S. W. 460, 463; Robbins v. Robbins, 138 Mo. App. 211.   (5) Where the wife appeals and the trial court refuses to allow her alimony to prosecute her appeal, the appellate court has jurisdiction to adjudge such alimony.  Viertel v. Viertel, 99 Mo. App. 710.   (6) A material issue presented by the pleadings was the care and custody of the minor children of the spouses.  The refusal of the

court to decide this issue was reversible error on the face of the record. Pratt v. Rogers, 5 Mo. 50, 53.

*W. P. Sullivan* for respondent.

(1) It must affirmatively appear, either from the record proper, or from the bill of exceptions that a motion for a new trial was filed within four days after the trial. Pound v. Cassity, 91 App. 424; Gast Bank Note & Lith. Co. v. Fennimore, 79 Mo. App. 612; Cantwell's Admx. v. City of Cassville, 130 Mo. App. 102; State v. Chenault, 212 Mo. 132; Jones v. Marblehead Line Co., 128 Mo. App. 345; Widman v. Am. Cent. Ins. Co., 115 Mo. App. 342; State v. Kyle, 177 Mo. 659. (2) Where the motion for a new trial is not filed in time, the appellate court cannot notice the bill of exceptions and the record proper is alone before the appellate court for review. Kerner v. Conkle, 78 Mo. App. 64; Bank of Monett v. Stone, 80 Mo. App. 406; State v. Maddox, 153 Mo. 471. (3) Orders touching the custody of the children are reviewable by the trial court. R. S. 1909, section 2381; Meyers v. Meyers, 91 Mo. App. 131.

STURGIS, J.—This is a suit for divorce. It was tried on plaintiff's petition and defendant's cross-bill filed under the provisions of section 2372, Revised Statutes 1909. The court granted a divorce to defendant. The plaintiff failed to file any motion for new trial. Having changed attorneys, she filed during the term of court at which the case was tried and the divorce granted to the defendant, but some ten days after such trial and judgment, a motion to set aside this judgment on the grounds that: "1. The judgment does not conform to the pleadings. 2. The answer of the defendant fails to state a cause of action against the plaintiff or any facts entitling defendant to affirmative relief against the plaintiff. 3. The defendant failed to support the answer filed by him by the affidavit re-

quired by statute in an answer calling· for affirmative relief and for that reason failed to confer upon the court jurisdiction to grant defendant affirmative relief. 4. The judgment is not warranted or authorized by law.'' Other matters are complained of· in this motion but they are such as pertain to errors committed by the trial court in the course of the trial and can be reviewed only after a motion for new trial has first been filed and overruled. At the same time the plaintiff filed a reply to defendant's cross-bill, which it seems she had neglected to do up to this time, consisting of a general denial coupled with an admission of the marriage. The plaintiff also filed at that time a motion for alimony *pendente lite.* These motions were overruled and proper steps were taken to appeal therefrom. Also a further motion for alimony *pendente lite* for expenses, etc., pending the appeal was filed and overruled.

It will be conceded that a motion to set aside a judgment for irregularity calls for a special order after final judgment and the court's ruling thereon may be appealed from regardless of any motion for new trial on the merits. [City of St. Louis v. Brooks, 107 Mo. 380, 383, 18 S. W. 22; McAnaw v. Matthis, 129 Mo. 142, 153, 31 S. W. 344; Fannon v. Plummer, 30 Mo. App. 25; Nelson v. Ghiselin, 17 Mo. App. 663.]

Moreover, the matter chiefly complained of by appellant goes to the jurisdiction of the circuit court to render a judgment in favor of the defendant and can be reviewed by this court on an appeal, which brings up the record proper, without either a motion for new trial or in arrest or to set the same aside. [Bateson v. Clark, 37 Mo. 31, 34; Hill v. Combs, 92 Mo. App. 242, 247; Davis v. Jacksonville Line, 126 Mo. 69, 75, 28 S. W. 965; Parlin & Orendorff Co. v. Hord, 145 Mo. 117, 46 S. W. 753.]

The ground on which plaintiff challenges the jurisdiction of the trial court to grant a divorce to de-

fendant is that the cross bill fails to state that defendant had resided within this state one whole year next before the filing of the petition, or that the offense or injury complained of was committed within this state, or while one or both of the parties resided within this state. That this is jurisdictional is beyond question and no judgment for divorce can stand in the absence of such an averment in the pleading on which the divorce is granted. If, as we hereafter show, the cross-bill is defendant's petition for divorce then it will be sufficient if such allegation therein refer to the time of filing such cross-bill. It would seem that the allegations to this effect must be clear, precise and unequivocal, and cannot be aided by proof or findings. This case will be one more authority in support of this proposition, though there are plenty already. [McGee v. McGee, 161 Mo. App. 40, 143 S. W. 77; Stansbury v. Stansbury, 118 Mo. App. 427, 94 S. W. 566; Carter v. Carter, 88 Mo. App. 302; Collins v. Collins, 53 Mo. App. 470; Johnson v. Johnson, 95 Mo. App. 329, 68 S. W. 971; Keller v. Keller, 144 Mo. App. 98, 129 S. W. 492; Robinson v. Robinson, 149 Mo. App. 733, 129 S. W. 725; Garver v. Garver, 145 Mo. App. 353, 130 S. W. 369; Gordon v. Gordon, 128 Mo. App. 710, 107 S. W. 41.]

The answer and cross-bill in this case alleges that: "Defendant further says that he is a resident of Christian county, Missouri, and that he has resided in this State one whole year next before the filing of this answer and cross-bill." It is insisted that this allegation is insufficient to give jurisdiction, in that the allegation should refer to the filing of the petition and not to the filing of the answer and cross-bill; that is, that the court cannot grant a divorce to defendant unless he alleges and proves that he has resided in this State one whole year next before plaintiff filed her petition. It will be noticed that in all the cases above cited the court was dealing with the petition and plaintiff's

rights thereunder and not with the answer and cross-bill. This case, therefore, presents a somewhat new proposition.

We think that under a proper and the only reasonable construction of the statute the allegation as to defendant's residence is proper and sufficient. The part of the answer setting up defendant's grounds for a divorce and praying for such affirmative relief is commonly called a cross-bill. Under the chancery practice, which our code intended to simplify, it is really a cross-petition rather than an answer. As correctly said in Ficke v. Ficke, 62 Mo. 335, 337: "Both parties are petitioners in this case. The proceeding may be *ex parte* either by the absence of one or the other." And it was there held that if the court dismisses plaintiff's petition, still defendant's cross-petition stands on the same footing as an original petition for divorce on his part and shall be tried as such. The cross-bill is in fact the defendant's petition for a divorce which the statute allows to be incorporated in the answer, and if the same requirement be made of defendant as to his petition as is required of plaintiff as to her petition, then the jurisdictional averment of residence is found therein. In speaking of a statute regulating the procedure in divorce cases, somewhat similar to ours, the Supreme Court of Rhode Island in Valk v. Valk, 29 Atl. 499, said: "The evident purpose of this statute, in so far as it relates to proceedings in divorce cases, is to enable the respondent therein to obtain the same relief upon his answer as he would be entitled to on a cross-petition, and no other." This point is ruled against appellant. [See Keeney v. McVoy, 206 Mo. 42, 66, 103 S. W. 946.]

It is also claimed that defendant's cross-bill is deficient as a petition for divorce in the allegation stating the grounds therefor and that same does not state facts sufficient to constitute a cause of action. Without setting out such cross-bill, which is quite lengthy,

we have examined the same and rule this point against appellant.

It may also be granted that, notwithstanding the wife was found to be the guilty party, yet the trial court had the right to make a further allowance to her as temporary alimony for her support pending the final determination of this action and to pay the expenses incident to this appeal. This right was not lost to her by failing to file a motion for new trial and this court can review the action of the trial court on this motion. [Libbe v. Libbe, 166 Mo. App. 240, 247, 148 S. W. 460; Robbins v. Robbins, 138 Mo. App. 211, 119 S. W. 1075; Viertel v. Viertel, 99 Mo. App. 710, 75 S. W. 187.] This matter must and should be largely left to the discretion of the trial court. That court had allowed the wife temporary alimony in the sum of $1500, and $100, extra, for attorney fees. If appellant is correct in saying that on the hearing of such motions the court should and does consider all the evidence taken in the case (Libbe v. Libbe, supra), then the court very properly remembered the liberal allowance made to the wife a short time previous. He also remembered that the evidence showed that the wife had some means of her own. [Rutledge v. Rutledge, —— Mo. App. ——, 119 S. W. 489.] He also doubtless kept in mind that the wife, being found to be the guilty party, was not entitled to permanent alimony in gross or otherwise. [Robbins v. Robbins, 138 Mo. App. 211, 119 S. W. 1075; Elliott v. Elliott, 135 Mo. App. 42, 115 S. W. 486, and that he should not allow her such under the guise of temporary alimony. We do not find that the court abused its discretion in this matter.

It is also complained that the court made no order touching the custody of the children, and that such is an irregularity requiring the court to set the judgment aside. Each party asked, as part of the relief prayed for, to have the custody of an infant child, age

three years. The other children are much older. This child was, doubtless, with the mother and in awarding a divorce to the husband the court declined to award him the custody of such child. We think it is not an essential part of a decree for divorce that the court make an order touching the custody of the children. Such orders may, if found necessary, be made at a later date or in another proceeding—we do not say which. [In re Morgan, 117 Mo. 249, 21 S. W. 1122, 22 S. W. 913; Shannon v. Shannon, 97 Mo. App. 119, 126, 71 S. W. 104; 14 Cyc. 804; Robinson v. Robinson, 168 Mo. App. 639, 648, 154 S. W. 162; In re Kohl, 82 Mo. App. 442.]

We do not take plaintiff seriously in suggesting that she can take advantage of her own fault, in failing to file a reply to defendant's cross-bill until after trial, as being such an irregularity as warrants setting aside the judgment at her instance.

There are other errors complained of; such as the refusal of the court to hear all of plaintiff's witnesses; that defendant was not himself compelled to testify; that the evidence is not sufficient to justify the court in granting defendant a divorce; that the evidence shows condonation, etc. If any errors were committed as to these matters, they are such as pertain to the trial of the case and cannot be reviewed in the absence of a motion for new trial. [Bateson v. Clark, 37 Mo. 31, 34; Hill v. Combs, 92 Mo. App. 242, 246; Kerner v. Conkle, 78 Mo. App. 64; Bank v. Stone & Co., 80 Mo. App. 406.]

What we have here said disposes of all the material errors complained of and the result is that the judgment is affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.