CLAUDE REA, Respondent, v. VIRGINIA B. REA, Appellant.

Kansas City Court of Appeals, December 1, 1913.

1. **DIVORCE: Indignities: Evidence.** Evidence of the wife's conduct in receiving the visits of men in the absence of her husband, and corresponding with men, though falling short of proof of adultery, will sustain a charge of indignities and entitle the husband to a divorce.

2. ———: **Adultery: Indignities: Amendment: Evidence.** Where a petition for divorce contained a charge of adultery and of indignities, the trial court may properly permit an amendment after the evidence is heard striking out the adultery charge and making more specific the charge of indignities so as to conform to the proof. And in such case, it is not error to refuse to permit defendant to introduce further evidence.

3. ———: **Amendment: Reverification.** In a divorce proceeding where an amended petition is filed not setting up new causes, but merely amplifying those already alleged, it need not be reverified by affidavit.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burns,* Judge.

AFFIRMED.

*W. H. Hayes* and *Booher & Williams* for appellant.

*Shannabarger, Blagg & Ellison* for respondent.

ELLISON, P. J.—Plaintiff's action is for divorce. He obtained a decree in the trial court on the ground of indignities and incompatibility of temper.

The evidence disclosed that plaintiff had a daughter, Ruth, by a former marriage who at the period of this controversy was between fourteen and fifteen years of age. She lived with plaintiff and defendant on a farm in Andrew county. Plaintiff was a traveling salesman of merchandise and was absent perhaps

five days in the week, the farm being managed during his absence by defendant and hired men. The indignities charged against defendant are her improper conduct with one of these men (though not amounting to adultery) and the example set to the young daughter which plaintiff feared might have a corrupting influence as she grew older.

It was shown by a preponderance of the evidence that defendant permitted one Beatty, who was one of the employees on the farm, who lived near-by, to visit her, and, at times, to caress her. There was other evidence that she wrote him notes and that when finally plaintiff took his daughter away for the reason that he believed she was in danger of evil influences and surroundings she said to the daughter that "If you won't tell on me I won't tell on you." There was also evidence that she admitted in the presence of others to an ungovernable temper which had led her into unjust treatment of her husband. We can see no good to be accomplished in setting out all this evidence in detail and no good reason for doing more than to say that the preponderance of evidence in plaintiff's behalf has induced the trial judge to find that the indignities charged were sustained, and that while that finding is not binding on this court, yet it properly has a very persuasive influence and should be deferred to by us. [Herriford v. Herriford, 169 Mo. App. 641.]

There is, however, a legal question presented which requires our attention. The petition originally contained a charge of adultery, and also a charge of indignities in that she sought the companionship and society of male companions while he was absent from home and without his knowledge; and that she carried on a secret correspondence with Beatty and permitted him to call on her during plaintiff's absence.

At the close of the evidence the court took the case under advisement and afterwards announced that the charge of adultery had not been sustained and

ought to be withdrawn and that the petition should be amended as to the charges of indignities. This was done by amendment. The charge of indignities was made more specific, and included that of defendant permitting the younger daughter to have company until late at night and that Beatty had one time caressed the daughter. When this amendment was made defendant asked to be allowed to introduce more evidence and the court refused the request.

We think the amendment to the petition was nothing more than an allowance of an amendment for the purpose of conforming to the proof. It is a common practice in ordinary cases and no reason exists why it should not be done in an action for divorce. [Rose v. Rose, 129 Mo. App. 175; Garver v. Garver, 145 Mo. App. 353.] As to the introduction of further evidence as requested by defendant, we find no reason to interfere with the trial court. The matters specified in the amendment had all been contested under the original petition, the defendant at no time objecting to the evidence taking the scope it did. So that the refusal to open up what had been already fully contested was not improper.

Another ground of objection is that the petition after the amendment was not again sworn to. That point has also been ruled against defendant. The affidavit is jurisdictional (Hinkle v. Lovelace, 204 Mo. 208; Stevens v. Stevens, 170 Mo. App. 322), but where the cause of action is not changed and where no new cause of action is introduced; where, as here, the amendment introduces no new cause of divorce but only an amplification of what was already charged, there is no necessity for renewing the affidavit. [Garver v. Garver, supra; Tackaberry v. Tackaberry, 101 Mich. 102; Colant v. Jones, 120 Ga. 568, 570.]

We think the trial court properly found against the defendant's cross bill and we affirm the judgment granting plaintiff a divorce. All concur.